

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**Karen Testerman,** *pro se*
**Merrimack County, Chairperson, NH Republican Party**

**Lynn-Diane Briggs,** *pro se*
**Registered NH Republican**

**Wayne Paul Saya Sr.,** *pro se*
**Registered NH Republican**

*Plaintiffs*

*Vs*

**DAVID SCANLAN**
**NH SECRETARY OF STATE, et al,**

*Defendants*

Docket No. 23-cv-00499

**PLAINTIFF WAYNE PAUL SAYA, SR. PROTECTIVE ORDER
GOVERNING CONFIDENTIAL DOCUMENTS AND INFORMATION**

The Plaintiff, Wayne Paul Saya, Sr. "Plaintiff", *pro se*, not a members of a class, in my capacity as a Plaintiff in the above numbered and entitled action, acknowledge that in the course of discovery or as otherwise necessary to litigate this case, I may be required to provide sensitive, private, personal, or confidential information that may be deemed confidential or is otherwise not

1

subject to public disclosure under New Hampshire law and/or US Government regulations and codes.

Accordingly, as a *pro se* Plaintiff I have agreed to the terms of this Protective Order; and for good cause shown, the Court hereby enters the following ORDER governing confidential information and documents:

1. **Scope.** Except to the extent information is a public record under relevant state law, documents produced in the course of discovery, including initial pleadings and disclosures, responses to discovery requests, deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure, (hereinafter collectively "document(s)"), which include voter information, personal information, which includes work I have performed for federal government agencies, personnel records and photographs, deemed confidential under federal or New Hampshire law, shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** I may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document

and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May Not Be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Information that is required to be made available for public inspection, disclosure, or copying pursuant to federal or New Hampshire law shall not be considered confidential or subject to protective order.

4. **Documents Which May Be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** I may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only after review of the documents, where I, fellow plaintiffs, and the defendants, collectively, "the parties" have in good faith determined that the documents contain information protected from disclosure as information described above. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available

in the public sector may not be designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER. Upon seeking to invoke the protection of this Protective Order, I shall give prompt notice thereof at the deposition or within fourteen (14) days after receipt of the deposition transcript, and shall designate the depositions, in whole or in part, as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until 30 (thirty) days, after delivery of the transcript by the court reporter. Within 30 (thirty) days after delivery of the transcript, Plaintiffs in this action or the Defendants "designating party" may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order. The failure to serve a Notice of Designation shall

waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.

6. **Protection of Confidential Material.**

　　**a.** <u>General Protections</u>. Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall be used solely for the purposes of the captioned lawsuit, including any appeal thereof, and shall not, without prior written consent of the individual or entity producing the information, be made available to any person other than the Court and its personnel; the parties, their counsel, or individuals working on behalf of myself or a designating party, their counsel, such as professional staff, expert witness, and consultants; court reporters, videographers, or other professionals responsible for recording or transcribing testimony in this action; and witnesses or potential witnesses who have been identified in initial disclosures or otherwise specifically noticed for deposition, and other persons identified in par. 6.b.

　　**b.** <u>Limited Third-Party Disclosures</u>.  I or any future counsel, or any designated party shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 1-7. Subject to these requirements, the following categories of persons may be allowed to review

documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

i. <u>Counsel</u>. I as the Plaintiff, *pro se*, or any future counsel I may retain or the court may appoint and employees of counsel who have responsibility for the preparation and trial of the action;

ii. <u>Parties</u>. The Defendants to this Order but only to the extent the Plaintiff believes that the specifically named individual Defendant or Defendants employees assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

iii. <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for depositions;

iv. <u>Contractors</u>. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

v. <u>Consultants and Experts</u>. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") I may retain in this action or any future counsel I may retain to assist in the preparation and trial of this action but only after such persons have completed the certification contained in

Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

vi. <u>Others by Consent</u>. Other persons only by my written consent or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in <u>Attachment A</u>, Acknowledgment of Understanding and Agreement to Be Bound.

**c.** <u>Control of Documents</u>. As the *pro se* Plaintiff I or future counsel shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. I or any future Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

**d.** <u>Copies</u>. Prior to production to myself or designated party, all copies, electronic images, duplicates, or extracts (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of

documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

7. **Filing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER** Documents With the Court.

   a. <u>The Filing of my or a Designated Party's Confidential Documents "Filing-Party"</u>. In the event that a filing-party seeks to file, or reference in any public filing, a document that the filing-party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order and the filing filing-party seeks to maintain the confidentiality of such document, the filing-party must comply with LR 83.12 and AP 3.3 for filing the confidential document under seal, or redact the portion designated as confidential.

   b. <u>Non-Filing Party's Confidential Documents</u>. In the event that the filing-party seeks to file, or reference in any filing, a document that the non-filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order, the filing-party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket. If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a public and

a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with the court. The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal pursuant to LR 83.12 and AP 3.3 indicating that the non-filing party seeks to maintain the confidentiality of the redacted material. The party seeking to maintain the confidential status shall file a motion to seal in accordance with Local Rule 83.12(c) – (Motions to Seal) and AP 3.3 within three (3) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

8. **No Greater Protection of Specific Documents**. I or any designated party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

a. <u>Objection to Confidentiality</u>. Within thirty (30) days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

b. <u>Obligation to Meet and Confer</u>. The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, I or a designating party shall serve to all Plaintiffs and Defendants "all parties" a notice specifying the documents and the nature of the agreement.

c. <u>Obligation to File Motion</u>. As a pro se Plaintiff if I cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER, for the purpose of discovery, the designating-party shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. As the moving party I have the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made.

10. **Court Not Bound By Parties' Designation.** Nothing in this Order or any action or agreement of a myself or a designated-party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

11. **Use of Confidential Documents or Information at Hearing or Trial.** I or a designated party who intends to present or anticipates that I may present at any hearing or at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

12. **Obligations on Conclusion of Litigation.**

a. <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

b. <u>Deletion of Documents Filed under Seal from ECF System</u>. Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

13. **Order Subject to Modification.** This Order shall be subject to modification by the court on its own motion or on motion by me or a designated party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by me or future counsel or the

designated parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or LR 26(2), or otherwise until such time as the court may rule on a specific document or issue. 15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon the *pro se* Plaintiff, Plaintiff's counsel, Defendants counsel and their law firms, the designated parties, and persons made subject to this Order by its terms, including but not limited to co-Plaintiffs of this action.

16. **Third Parties:** Third parties responding to subpoenas or requests for documents may rely upon the provisions of this order. The I agree to comply with the terms of this order with respect to documents designated and produced by third parties pursuant to this order.

SO ORDERED

.

JUDGE Joseph N. Laplante
United States District Judge

/EXHIBIT A—ATTACHMENT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Karen Testerman,** *pro se*
**Merrimack County, Chairperson, NH Republican Party**

**Lynn-Diane Briggs,** *pro se*
**Registered NH Republican**

**Wayne Paul Saya Sr.,** *pro se*
**Registered NH Republican**

*Plaintiffs*

*Vs*

**DAVID SCANLAN**
**NH SECRETARY OF STATE, et al,**

*Defendants*

Docket No. 23-cv-00499-JL-AJ

## ATTACHMENT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of New Hampshire in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or for other relief under the Protective Order agreement.

_____