UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*************************************
Karen Testerman, et al,                        *
                                               *
        Plaintiffs,                            *
v.                                             *    Civil No. 1:23-cv-00499-JL-AJ
                                               *
Secretary of State David M. Scanlan, et al,    *
                                               *
        Defendants.                            *
                                               *
*************************************

### SECRETARY OF STATE'S MOTION TO DISMISS

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, moves to dismiss the Plaintiffs' complaint against the Secretary of State.

1.  The Plaintiffs, Karen Testerman, Lynn-Diane Briggs, and Wayne Paul Saya, Sr., brought this action against the Secretary of State and the New Hampshire Republican State Committee. The Plaintiffs allege that the Defendants violated several federal constitutional provisions and one federal criminal statute by "permit[ting]" New Hampshire voters to "switch their political affiliations after the state statutory cut-off period of June 7, 2023," in violation of RSA 654:34, IV.  See ECF 1, at 5-12, ¶¶11-27.  The Plaintiffs' complaint seeks various injunctive relief to correct these "unlawful and unconstitutional violations of New Hampshire's election laws," see ECF 1, at 23, including ordering the Secretary of State to "Cease and Desist all violations of New Hampshire's election laws" and to "'correct' all political affiliation changes made from June 7, 2023, until the present date."  ECF 1, at 23-24.

2.  The Secretary of State moves to dismiss the Plaintiffs' complaint on several independent grounds.

3.	First, the Secretary of State is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution because each of the Plaintiffs' claims is based on an alleged underlying violation of state law.  U.S. CONST. amend. XI; see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (ruling that the State officials are immune from suit in federal court on the basis of violations of state law).

4.	Second, the Court should deny the Plaintiffs' complaint for injunctive relief consistent with the Purcell Principle.  See Purcell v. Gonzalez, 549 U.S. 1, 4-5 (2006) ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls"); Republican Nat'l Comm. v. Democratic Nat'l Comm., 140 S.Ct. 1205, 1207 (2020) (emphasizing that, based on the concerns articulated in Purcell, "lower federal courts should ordinarily not alter the election rules on the eve of an election.").  The Plaintiffs seek injunctive relief to change, for certain voters, the political parties with which those voters are affiliated.  However, the State's presidential primary election is just under seven weeks away, and the deadline for registered voters to change party affiliation ended on October 6, 2023.  Therefore, ordering the Plaintiffs' requested injunctive relief would result in voter confusion and voter disenfranchisement, and it would disincentive voters from participating in the presidential primary election.

5.	Third, the Plaintiffs' claims all fail as a matter of law because each of the Plaintiffs' claims is based on their underlying allegation that the Secretary of State violated RSA 654:34, IV by allowing voters to change their party registration between June 7, 2023 (the first Wednesday in June of 2023) and October 6, 2023 (the Friday preceding the opening of the candidate filing period for the New Hampshire presidential primary election).  See also ECF 1, at 23-24 (requesting that the Court order the Secretary of State to cease violating state election laws, and

to reverse political affiliation changes).  As explained in the Secretary of State's accompanying memorandum of law, RSA 654:34, IV applies to the "state primary election," not to presidential primary elections.  Compare RSA 653:8 (providing date for state primary elections), and RSA 654:34, IV (prohibiting registered voters from affiliating or disaffiliating with a party "between the first Wednesday in June and the day before the state primary election"), with RSA 653:9 (providing date for presidential primary elections), and RSA 655:47, II (providing dates for presidential primary candidate filing period), and RSA 654:32 (providing for change of party registration before the "presidential primary" through the "Friday preceding the first day of the filing period").  Therefore, the Plaintiffs have failed to state a claim that the Secretary of State violated RSA 659:34, IV based on voter registration changes made prior to the January 23, 2024, presidential primary election, and all their claims based on this alleged violation fail as a matter of law.

6.      Fourth, the Plaintiffs' first count additionally fails to state a claim for which relief can be granted because the Electors Clause does not provide a private right of action.[1]  Even if the Plaintiffs could bring such a claim, the presidential primary election does not result in the appointment of presidential electors, and all registered voters may participate in the November 2024 general election regardless of party affiliation.  Therefore, the Plaintiffs' alleged violations of State election laws related to changing party affiliation prior to a presidential primary election cannot state a claim for violation of the Electors Clause.

---

[1] Plaintiffs' "Count 1" alleges that the Secretary of State violated the Electors Clause of Article II, Section 1, of the Constitution by not following state election laws related to change of voter party affiliation prior to the New Hampshire presidential primary election.  See ECF 1, at 17-19.

7. Fifth, the Plaintiffs' second count additionally fails to state a claim for which relief can be granted because 18 U.S.C. §595 does not provide a private right of action.[2] 18 U.S.C. §595 is a section from the federal criminal code, and the Plaintiffs' do not have the authority to enforce alleged violations of the federal criminal code. See, e.g., Faust v. Defazio, 2012 U.S. Dist, LEXIS 149135 (D. Mass, Oct. 17, 2012).

8. Sixth, the Plaintiffs' third count fails to state a claim for which relief can be granted because the Plaintiffs have not alleged that the Defendants discriminated against the Plaintiffs by intentionally treating them differently than an identified class of similarly situated people.[3]

9. Seventh, the Plaintiffs' fourth count fails to state a claim for which relief can be granted because the Plaintiffs fail to identify any protected liberty or property interest that could have been violated by other voters exercising their First Amendment rights to associate with a political party.[4]

10. Eighth, the Plaintiffs complaint does not address Article III standing, the Plaintiffs have not identified a precise, cognizable injury-in-fact that each Plaintiff allegedly suffered, and the Plaintiffs' have not identified any case law or other authority that shows that the Plaintiffs' alleged facts constitute a cognizable injury in fact.

11. Because this motion is a dispositive motion, the Secretary of State did not seek consent from the Plaintiffs.

---

[2] Plaintiffs' "Count 2" alleges that the Secretary of State interfered with federal elections by violating state election laws, thereby violating of 18 U.S.C. §595.

[3] The Plaintiffs' third count alleges that the Defendants violated the Equal Protection Clause and the "one-person, one-vote principle" by violating RSA 659:34, thereby "creat[ing] different voting standards than those used in elections past, and different standards from the legislative requirements." ECF 1, at 20-21.

[4] The Plaintiffs' fourth count alleges that the Defendants violated the Plaintiffs' substantive and procedural due process rights by "intentional[ly] fail[ing] to follow election law as enacted by a State's legislature." ECF 1, at 21, ¶66.

12. The Secretary of State does not request oral argument on its motion to dismiss.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

A. Dismiss the Plaintiff's complaint.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: December 6, 2023

/s/ Brendan A. O'Donnell
Brendan A. ODonnell, Bar #268037
Assistant Attorney General
Election Law Unit
Office of the Attorney General
1 Granite Place South
Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
603-271-1269

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on December 6, 2023, to all parties of record. I hereby certify that a copy of the foregoing was sent by e-mail to all parties of record who are not registered ECF filers.

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell