FILED - USDC -NH
2023 DEC 11 PM 12:27

# STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Karen Testerman,** *pro se* **Merrimack County, New Hampshire Chairperson, NH Republican Party** 9 Stone Avenue Franklin, New Hampshire 03235 | |
| **Lynn-Diane Briggs,** *pro se* **Registered NH Republican** 4 Golden Pond Lane Amherst, New Hampshire 03031 | **CIVIL ACTION NO.** **23-cv-00499-JL-AJ** |
| **Wayne Paul Saya Sr.,** *pro se* **Registered NH Republican** 24 Cadogan Way Nashua, New Hampshire 03062 | |
| *Plaintiffs* | **PLAINTIFF'S AMENDED COMPLAINT AND PRAYER FOR DECLARATORY AND PRELIMINARY INJUNCTIVE RELIEF** |
| *VS.* | |
| **DAVID SCANLAN, SECRETARY OF STATE FOR NEW HAMPSHIRE,** his agents, successors, and employees. 107 North Main Street Concord, New Hampshire 03301. | |
| **CHRIS AGER, NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE** 10 Water Street Concord New Hampshire 03301 | |
| *Defendants* | |

1

**Wayne Paul Saya, Sr.,** *pro se*, and Registered NH Republican, ("Plaintiff"), pursuant to LR 15.1(a)(b) *Amended Pleadings* and LR 83.6(b), for his complaint against Defendants DAVID SCANLAN, SECRETARY OF STATE FOR NEW HAMPSHIRE, ("NH-SOS" or "Department") and NEW HAMPSHIRE REPUBLICAN PARTY ("NH-GOP"), allege on knowledge as to Plaintiff, and on material evidence and information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff challenges the Defendants in their administration and approvals of the current 2024 electoral process and election under the "Electors" Clause of Article II, Section 1, Clause 2, and under the "Elections" Clause of Article I, § 4, in concert with the Bill of Rights of New Hampshire's equal protection under Const. N.H. Part I, art. 1 and 11, and the N.H. due-process clause of Article 14, and the due process and equal protection clauses of the 14th Amendment to the Federal Constitution.

2. This case presents a question of law: Did and are the Defendant/Defendants violating the federal Electors Clause and the Elections Clause (or, in the alternative, the federal Fourteenth Amendment) by taking—or allowing—non-legislative actions to change state legislative laws that would govern the appointment of presidential electors?

3. As a result of the Defendants direct violations and circumventing of the New Hampshire 'primary election process' as alleged, Plaintiff also asserts an unlawful and unconstitutional "practice" in violation of the 52 U.S.C. § 21085 - U.S. Code -

*Unannotated Title 52. Voting and Elections § 21085, Methods of implementation left to discretion of State,* Emphasis supplied.

4.  As a result of the Defendants unlawful behavior in this State's primary elections as described *below*, the Plaintiff is seeking relief from these violations, while seeking to enjoin the Defendants from committing these same violations in the upcoming state and federal New Hampshire congressional primaries and general elections as provided under the *"Elections" Clause of Article I, Section 4, Clause 1,* where for decades the Supreme Court has interpreted the "Elections Clause" expansively, enabling states "to provide a complete code for congressional elections, not only as to times and places, but in relation to notices, registration, supervision of voting, protection of voters, prevention of fraud and corrupt practices, counting of votes, duties of inspectors and canvassers, and making and publication of election returns". *Smiley v. Holm, 285 U.S. 355 at 366 (1932).*

5.  Plaintiff's complete Jurisdiction and Venue are outlined in paragraphs 43 through 48.

6.  The constitutional violations as alleged directly relate to the Defendants violating New Hampshire, RSA 659:14, et seq. and RSA 654:34, et seq., which are the state laws that govern state and federal primary elections, including the primary election for President of the United States.

7.  The unconstitutional changes described *below* have opened the door to election irregularities in various forms. Plaintiff alleges that each of the Defendants openly violated constitutional rules governing the appointment of presidential electors. In

3

doing so, seeds of deep distrust have been sown across the state of New Hampshire. In the spirit of *Marbury v. Madison*, and most recently, *Moore v. Harper, 600 U.S. 1 (2023)*, this Court's attention is profoundly needed to declare what the law is and to restore public trust in this election.

8. In New Hampshire, Article II, Section 1, of the United States Constitution provides that the President of the United States is elected by the Electoral College via majority vote in a single winner contest and outlines the method for electing the President.

9. This action under Article II, §1 – is known as the *Executive Vesting Clause*, or the *Electors clause* for the selection and appointment of the President of the United States, that includes the state of New Hampshire, where:

> Each State shall appoint, in such Manner <u>as the Legislature thereof</u> <u>may direct,</u> a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector. Emphasis supplied

10. Pursuant to the above-named *Executive Vesting Clause,* hereinafter *"Electors Clause"*, voters in each state which includes' New Hampshire, with exception of two states, choose 'electors' by casting a vote for the presidential candidate of their choice. The slate winning the most popular votes is the winner. However, the

procedure for this procedural process in New Hampshire was unlawfully changed by Defendant NH-SOS, and followed by Defendant NH-GOP.

11. Defendants on or around June 7th, 2023, until on or around October 6th, 2023, did permit political affiliations (Democrat party and Republican party) to switch their political affiliations after the state statutory cut-off period of June 7th, 2023,[1] in violation of RSA 654:32 *(Hearings on Alterations to Party*

*Registration)*; RSA 654:34 *(Change of Registration)*, and RSA 659:14 *(Special Provisions for State and Presidential Primary Elections)*.

12. The Defendants refuse to acknowledge their actions as an error or oversight; refuse to correct these actions that violated New Hampshire state election laws and the New Hampshire and federal constitutions and are continuing to violate these described New Hampshire election laws into the federal Presidential primary of January 23, 2024, the federal congressional primary elections of September 10, 2024, and the federal general elections of November 6, 2023.

13. This type of voter manipulation and fraud of an opposing affiliate party's primary candidate vote-tally will cause the upcoming Presidential primary election in January 2024 to be severely tainted and unconstitutional.

14. Alleged by Plaintiff is an interference and circumvention allowed by the Defendants *(described below)* which violate New Hampshire Election law RSA 659:14-II –

---

[1] EXHIBIT "C" in the Plaintiff Motion for Expedited  Consideration for Preliminary Injunctive Relief contains a memorandum from the NH Sec of State dated Sept 13, 2023, advising all NH city and town clerks and supervisors to use October 6, 2023 as the last day for voters to change their party affiliations, which violates NH RSA 654:34-IV.

'*Special Provisions for State and Presidential Primary Elections*', as approved by the New Hampshire legislature and signed by the NH Governor, with the last revision date effective May 25, 1994.

15. This described interference and circumvention by Defendants *(below)* also violated and continues to violate New Hampshire Election law, RSA 654:34  I.(1) and IV – *Change of Registration,* for the U.S. Presidential Election.

16. Accordingly, the Defendants used an unlawful and unconstitutional "practice" for the New Hampshire "Presidential Primary" that unnecessarily <u>required</u> the Republican Party (Defendant NH-GOP), to submit a "Written Notice" to the Defendant NH-SOS, that stipulates ". . . *whether a party rule has been adopted that permits a person who is registered as an undeclared voter to vote in the party's primary*". Apparently, without the submission of the letter, Defendant NH-SOS will continue violating election law RSA 654:34-IV.

17. The Plaintiff here allege that such a "required" letter is not a state statutory requirement and has now interfered with the described New Hampshire state election laws, in-turn creating irreputable harm to Republican candidates running for President of the United States and in-turn the Plaintiff's Constitutional rights as described.

18. Where Defendant NH-GOP never notified Defendant NH-SOS prior to the statutory first Wednesday of June, or June 7, 2023, it is clear Defendant NH-GOP had not rightfully adopted any such arbitrary rule. This should have indicated that Defendant NH-GOP was initially adhering to election law RSA 654:34 IV:

IV – *No person, who is already registered to vote, <u>whether his party membership has been previously registered or not,</u> shall affiliate with a party between the first Wednesday in June and the day before the state primary*." id at IV.[2] Emphasis supplied.

19. As the first-in-the-nation Presidential Primary, New Hampshire is unique, where New Hampshire election laws are designed to have all political affiliations (Democrat, Republican, Independent, etc) closed, from the first Wednesday of June (June 7, 2023) until the day before the Presidential Primary cycle on January 23, 2024[3] of the following year. These dates conform with RSA 654:34-IV for the 2024 primary election cycle. Immediately after the Presidential Primary, political affiliations are re-opened again on the first Wednesday of June, where at such time all political affiliations are again closed to accommodate for the federal congressional primary election cycle in September. These dates also conform with RSA 654:34-IV for the 2024 congressional primary cycle.

20. In 2024, the New Hampshire Presidential primary is scheduled on or around January 23rd, 2024. This indicates per the statute; that from the first Wednesday in June, 2023 (June 7, 2023) until the day before the primary on or around January 23rd, 2024, no eligible voter should have been permitted to change their "affiliation" from democrat to undeclared or to Republican, or

---

[2] RSA 654, et seq. is the New Hampshire statute that governs federal elections.
[3] Depending upon the calendar year, some primary elections in New Hampshire have been held at the beginning of February.

vice-versa. This did not happen, because the Defendants kept the flood gates open an additional four months, or until October 7th, 2023.  This was a big deal because a significant number of political affiliations were reported to have changed during this period, reportedly from Democrat to "undeclared" and Republican primary in a reported scheme to affect the outcome of          the Republican primary winner. *See* **Exhibit "B"**

21.  The Plaintiff contends that Defendant NH-SOS, after the first Wednesday in June of 2023 (June 7, 2023), continued to permit voter affiliation changes, not closing these affiliations until October 6th, 2023, *See* Exhibit **"A".**[4] extending these changes four(4) additional months. In fact, Defendant NH-SOS has openly acknowledged as much in an October 9, 2023, answer to a Right-To- Know Request under NH RSA 91-A, addressed to Mr. Norman J. Silber and later emailed to Plaintiff Lynn Briggs. *See* **Exhibit "B".**

22.  The Plaintiff also contends that Defendant NH-GOP has endorsed this unlawful and unconstitutional "practice", by working with and following co-Defendant NH-SOS's unlawful "letter request" after the legal close of political affiliations, where NH-GOP chairman, Chris Ager, reportedly presented such a letter request to Defendant NH-SOS and thereby adhering to co-Defendant's unlawful letter requirement that ignores RSA 654:34 and RSA 659:14, respectively.[5]

---

[4] All exhibits cited in this Complaint are in the Appendix to the Plaintiff MOTION FOR EXPEDITED PRELIMINARY INJUNCTIVE RELIEF.
[5] New Hampshire RSA 654:1 - TITLE LXIII, ELECTIONS, CHAPTER 654, VOTERS AND CHECKLISTS, Eligibility 654:1 Voter; Office Holder. –

23. The unlawful and unconstitutional "practice" in question permitted democrat and/or independent voters to change as an undeclared voter—outside and in violation of the time period specified within New Hampshire State laws—in order to vote for a Republican candidate as an undeclared or independent voter. After the primary election (of January 23, 2024) the voter is then registered within the party he/she voted for.

24. Here, Democrats and Independents were permitted to continue to change their political affiliation beyond the statutory cutoff period of June 7, 2023 to vote for their choice of 'Republican' candidate that is challenging another 'Republican' candidate. In-turn, any time after the primary election the said voter can switch back to their party to vote for their party's Democrat or Independent nominee in the general election, a "practice" which existing state laws are specifically designed to prevent especially in 'Presidential' primary elections. This "practice" can also harm democrat candidates as well.

25. Of the approximate 320,000 undeclared voters, it has been reported to date that around 4,000 Democrats have recently changed affiliation to "undeclared" or Republican [6], and 408 voters have switched from Democrat to undeclared or

---

I. Every inhabitant of the state, having a single established domicile for voting purposes, being a citizen of the United States, of the age provided for in Article 11 of Part First of the Constitution of New Hampshire, shall have a right at any meeting or election, to vote in the town, ward, or unincorporated place in which he or she is domiciled. *Emphasis supplied*

[6] Link: https://newhampshirebulletin.com/briefs/ahead-of-primary-nearly-4000-democratic-voters-switch-affiliation-to-republican-or-undeclared/ October 11, 2023 Article from the New Hampshire Bulletin.

[7] Findings dated April 5, 2023, that highlighted a number of procedural due-process issues during the 2020 New Hampshire elections, finding a number of violations in absentee balloting. Link: https://drive.google.com/drive/folders/1ZJykTP0ZHaDAf-Js0483DcTeDmfJSFyd?ths=true

Republican (as opposed to independent or undeclared), and the Defendants are permitting this "practice" to continue, and next in the congressional primary contests. It has also been reported; that there is a movement for Democrats to register as Republicans during the Republican primary and especially using absentee balloting in a move to change the intended successor for a majority of Republican voters, as described in paragraphs 20 and 24. *See* **EXHIBIT "C".** The absentee balloting issue is important in New Hampshire, where the New Hampshire 'Ballot Law Commission has previously determined major issues with absentee balloting.[7]

26. The numbers of absentee and same-day voting is unchecked in New Hampshire, and absentee and same-day voting has determined the winner in a number of previous New Hampshire elections. This is because absentee voters are not compared or audited with the State's 'same-day registration' balloting.

27. In practice, a person voting by absentee ballot in New Hampshire can also vote (again) on election day without New Hampshire government identification, by filling out an affidavit card. Absentee ballots are not kept with their envelopes after the absentee ballot is inserted into the electronic voting machine. In turn, this process makes it not possible to validate an absentee ballot and more complicated when comparing the absentee ballot with a same-day affidavit card.

28. Paragraphs 26-28 *above* reflect a violation of 18 U.S.C §§ 241, 242, regarding the use of an unlawful electronic tabulation scheme that allows the rendering of false vote tabulations—preventing valid votes. This scheme is part of the instant

complaint only in-as-much-as it reflects the affect that the Defendants unlawful changes in political affiliations can and has caused. A separate claim of electronic voter manipulation is not presented in this complaint. The alleged scheme presented in paragraphs 26 through 28 is currently under review in a pending New Hampshire Supreme court case of *Richard v. Sununu, et al, 2023-0097* with a scheduled hearing date of Wednesday, November 29, 2023.

29. The Plaintiff's issues: first to cure previous political affiliation change violations of New Hampshire State election laws; while seeking to enjoin the Defendants from additional manipulation in political affiliations of the upcoming state and federal congressional primary schedule January and September, 2024, as defined in New Hampshire RSA 659:14 and RSA 654:34.

30. As a result of the foregoing issues, the Plaintiff, individually and collectively with fellow Plaintiffs will continue to suffer irreputable harm, among other reasons disclosed, by continuing to be disenfranchised of their rights to a fair election, where their legal votes have been diluted with votes that are the product of an unlawful and unconstitutional procedural process. Each Plaintiff now possesses knowledge that their prospective candidate has been negatively and unfairly compromised by the alleged fraud and violations of state election laws.

31. The New Hampshire legislature created these general election laws in conformance with New Hampshire's first-in-the-nation statutory requirement in mind[8], and for

---

[8] NH Title LXIII – ELECTIONS - Chapter 653 - ELECTION OF OFFICERS AND DELEGATES, Section 653:9 - Presidential Primary Election.

whatever reasoning determined that the cutoff period for changing party affiliations should be longer for the Presidential primary than for the congressional primary.

32. Notwithstanding, the Defendants have disregarded whatever intent the New Hampshire legislature may have had, by arbitrarily disregarding their state elections statutes (RSA 659:14, et seq. and RSA 654:34, et seq) under color of state law and outside of the state and federal constitutions—by creating their own cutoff date of October 6, 2023, circumventing state law which mandates the first Wednesday of June, or June 7th, 2023.

33. The Plaintiff alleges, if the Defendants believe there was or is a problem, complication, or controversy with any statute as written, they should have independently taken an appropriate legal remedy to alleviate their concerns, rather than show the appearance of a conspiracy; acting in concert as self-appointed decision-makers and legal editor(s) in place of the New Hampshire legislature.

34. The Plaintiff's concern now; is the Defendants intention to circumvent the upcoming state and federal congressional primary schedule in January and September of 2024, as defined in New Hampshire RSA 659:14 and RSA 654:34 and the upcoming state and federal general elections in November, 2024, regarding malfeasance by the Defendants, acting under color of law, by diluting the Plaintiff's valid ballot with an invalid ballot—caused by manipulating the voter registration and vote in both primary and general elections.

35. Lawful elections are at the heart of our constitutional democracy. The public, and indeed the candidates themselves, have a compelling interest in ensuring that the

12

selection of a Congress and/or President—is legitimate. If that trust is lost, the American Experiment will flounder. A dark cloud already hangs over the 2020 election and now the skies are darkening within the first-in-the-nation 2024 Presidential primary and election in New Hampshire.

36. Highly controversial issues like elections and voting rights in society understandably arouse passions that lead to heated debate.  But in whatever form, that debate is a good thing because freedom of speech is essential to the functioning of our Republic. In America, even the most controversial of issues are resolved "by citizens trying to persuade one another and then voting."

### PARTIES

37. **Karen Testerman,** Plaintiff, *pro se*, as the Merrimack County, New Hampshire, Chairperson for the New Hampshire Republican Party, and an inhabitant of New Hampshire, residing at 9 Stone Avenue, Franklin, New Hampshire 03235.

38. **Lynn-Diane Briggs,** Plaintiff, *pro se*, as a 40-year inhabitant of New Hampshire, affiliated as a registered Republican voter in the county of Hillsborough, residing at 4 Golden Pond Lane, Amherst, New Hampshire 03031.

39. **Wayne Paul Saya, Sr.,** Plaintiff, *pro se*, as a 30-year inhabitant of New Hampshire, affiliated as a registered Republican voter in the county of Hillsborough, residing at 24 Cadogan drive, Nashua, New Hampshire 03062.

40. **David Scanlan,** Defendant, is sued individually and in his official capacity as the Secretary of State of New Hampshire. RSA 652:23 showing the NH Sec of State is

the chief elections officer. The address of the Secretary of State's office is: Office of the Secretary of the State House 107 North Main Street Concord, NH 03301.

41. **Chris Ager,** Defendant, is sued individually and in his official capacity as Chairman of the New Hampshire Republican State Committee. The address of the NH-GOP: 10 Water St, Concord, New Hampshire 03301.

## JURISDICTION AND VENUE

42. This court has subject-matter jurisdiction under 42 U.S.C. §1983, where the Plaintiff alleges violations of their procedural and substantive due-process and equal protection rights pursuant to:

    1. The "Elector's" clause of Article II, Section 1, Clause 2, and

    2. The "Elections" clause of Article I, Section 4, Clause 1,

    as provided for under the Fourteenth Amendment to Federal Constitution,

43. and 52 U.S.C. § 21085 - U.S. Code - Unannotated Title 52, Voting and Elections § 21085, Methods of implementation left to discretion of State. Plaintiff requests the court to take judicial notice of Title 18 U.S.C. 29, §595 (Interference by Administrative Employees of the Federal, State, or Territorial Governments).

44. Pursuant to 18 U.S. Code §242 - Deprivation of rights under color of law for deprivation of my rights, privileges, and immunities secured and protected by the due-process clause and section 1 of the fourteenth Amendment to the United States.

45.  Under 28 U.S.C. 1367 this Court maintains supplemental jurisdiction over state constitutional claims, where the Defendants continue to cause harm.

46. This Court exercises subject matter jurisdiction under 28 U.S.C. § 1331, which confers original jurisdiction on federal district courts to hear suits secured by the United States Constitution while acting under color of state law.

47. This Court has the authority to the requested declaratory relief under 28 U.S.C. § 2201, and the requested injunctive relief under 28 U.S.C. § 1343(a).

48. New Hampshire constitution, Art. 7, *State Sovereignty*. The state has waived their sovereign immunity pursuant to N.H. Rev. Stat. Ann. §§ 541-B et seq. (governing state liability).

**COUNT 1**
**ELECTORS CLAUSE**
**Article II, Section 1 of the U.S. Constitution**
**Title 52. Voting and Elections § 21085,**
**Methods of implementation left to discretion of State**

49. Plaintiff repeats and re-alleges the allegations above, as if fully set forth herein.

50. The Electors Clause of Article II, Section 1, of the Constitution makes clear that only the legislatures of the States are permitted to determine the rules for appointing presidential electors. The pertinent rules here are the state election statutes, specifically those relevant to the presidential election.

51. Non-legislative actors such as the Defendants in this case, lack authority to amend or nullify election statutes. *Bush II, 531 U.S. at 104 (quoted supra). 131. Under Heckler v. Chaney, 470 U.S. 821, 833 n.4 (1985),* conscious and express executive policies—even if unwritten—to nullify statutes or to abdicate statutory

responsibilities are reviewable to the same extent as if the policies had been written or adopted.

52. Also compare *Moore v. Harper, 600 U.S. 1 (2022)* when describing the "elections clause" and the high Court's position, where too there is no mention within the "electors clause" regarding such defiance of state constitutional provisions, where:

> *"Nothing in [the Elections] Clause instructs, nor has this Court ever held, that a state legislature may prescribe regulations on the time, place, and manner of holding federal elections in defiance of provisions of the State's constitution." Cited from Arizona State legislature v. Arizona independent redistricting commission, 576 U. S., at 817–818 (majority opinion) Pg. 18...*

53. Whereas conscious and express actions by State or local election officials to nullify or ignore requirements of election statutes violate the "Electors Clause" to the same extent as formal modifications by judicial officers or State executive officers.

54. The actions set out in Paragraphs 11-22 constitute non-legislative changes to State election laws by the Defendants in violation of the "Electors Clause".

55. Whereas, any Electors appointed to the Electoral College in violation of the "Electors Clause" cannot cast constitutionally valid votes for the office of President.

## COUNT II
### FEDERAL ELECTIONS AND
### POLITICAL ACTIVITIES CLAUSE
### Article I, Section 4, Clause 1
### Title 52. Voting and Elections § 21085,
### Methods of implementation left to discretion of State

56. Plaintiff repeats and re-alleges the allegations above, as if fully set forth herein.

57. The Plaintiff alleges, Defendant NH-SOS has and continues to use his official authority for the purpose of interfering with, or affecting, the nomination or the election of the New Hampshire Presidential candidate of the Plaintiffs choice, and the Plaintiff's choice of any candidate for the office of President, and Vice President, and Presidential elector.

58. Whereby, Defendant NH-DOS, individually or conspiring with Defendant NH-GOP has created a "practice" which ignores and interferes with existing state election law requirements.

59. The actions set out in Paragraphs 10-21 constitute non-legislative changes to   State election laws by Defendant NH-SOS in violation of 52 U.S.C. § 21085 *(above)*, of the Federal Elections and Political Activities Clause.

**COUNT III**
**EQUAL PROTECTION**
**18 U.S. Code §242 - Deprivation of rights under color of law**
**Const. N.H. Part I, art. 1 and 11, and Article 14**
**Fourteenth Amendment, U.S. Constitution**
**NH RSA 659:14 and NH RSA 654:34**

60. Plaintiff repeats and re-alleges the allegations above, as if fully set forth herein.

61. In recognition of New Hampshire's first-in-the-nation Presidential primary, the state legislature set a high legislative standard to protect the integrity of its' inhabitant voters.

62. The Equal Protection Clause prohibits the use of differential standards in the treatment and tabulation of ballots within a State. Bush II, 531 U.S. at 107. 136.

63. The one-person, one-vote principle requires counting valid votes and not counting invalid votes. Reynolds, 377 U.S. at 554-55; Bush II, 531 U.S. at 103 ("the votes eligible for inclusion in the certification are the votes meeting the properly established legal requirements").

64. As a result of the Defendants actions, the Plaintiff has been disenfranchised of his right to a fair election, where their votes are being systematically diluted with invalid votes, while at the same time the Plaintiff is retaining the knowledge of his prospective Presidential candidate being negatively and unfairly compromised from this unfair and unlawful practice.

65. The actions set out in Paragraphs 11-22 created different voting standards than those used in elections past, and different standards from the legislative requirements in violation of the Equal Protection Clause. The actions set out in Paragraphs 11-22 violated the one-person, one vote principle by the Defendants.

**COUNT IV: DUE PROCESS**
**Substantive and Procedural Due-Process**
**18 U.S. Code §242 - Deprivation of rights under color of law**
**Const. N.H. Part I, art. 1 and 11, and Article 14**
**Fourteenth Amendment, U.S. Constitution**
**NH RSA 659:14 and NH RSA 654:34**

66. Plaintiff repeats and re-alleges the allegations above, as if fully set forth herein.

67. When election practices reach "the point of patent and fundamental unfairness," the integrity of the election itself violates substantive due process. Griffin v. Burns, 570 F.2d 1065, 1077 (1st Cir. 1978); Duncan v. Poythress, 657 F.2d 691, 702 (5th Cir. 1981); Florida State Conference of N.A.A.C.P. v. Browning, 522 F.3d 1153, 1183-

84 (11th Cir. 2008); Roe v. State of Ala. By & Through Evans, 43 F.3d 574, 580-82 (11th Cir. 1995); Roe v. State of Ala., 68 F.3d 404, 407 (11th Cir. 1995); Marks v. Stinson, 19 F. 3d 873, 878 (3rd Cir. 1994). 142. Under this Court's precedents on procedural due process, not only intentional failure to follow election law as enacted by a State's legislature but also random and unauthorized acts by state election officials and their designees in local government can violate the Due Process Clause. Parratt v. Taylor, 451 U.S. 527, 537-41 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 532 (1984).

68. The difference between intentional acts and random and unauthorized acts is the degree of pre-deprivation review. Here, the Defendants acted unconstitutionally to change their election laws— including unlawful and unlawfully accepted administrative changes to existing state election laws—with the express intent to disregard or favor a candidate for U.S. President that may very well alter the outcome of the 2024 New Hampshire state primary, federal primary and general elections.

69. As a result of the Defendants actions, the Plaintiff, individually and collectively with co-Plaintiffs has been disenfranchised of his rights to a fair election, where his vote has been systematically diluted using an invalid process, while at the same time the Plaintiff is retaining the knowledge of his prospective Presidential candidate being negatively and unfairly compromised from these unlawful and unconstitutional practices.

70. The actions set out in Paragraphs 11-22 constitute intentional violations of State election law by State election officials, one of which is a Defendant in this complaint, in violation of the U.S. Constitution's Due Process Clause.

71. By the shared enterprise of the entire nation electing the President and Vice President, equal protection violations in one State can and do adversely affect and diminish the weight of votes cast in States that lawfully abide by the election structure set forth in the Constitution. Plaintiff is therefore harmed by this unconstitutional conduct in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution.

### **PRAYER FOR RELIEF**

WHEREFORE, I ask for the court's help in understanding the grievance of my complaint, where, allowing these described unlawful and unconstitutional violations of New Hampshire's election laws to continue without resolving this controversy and permit the Defendants to proceed without correcting the damage done to the New Hampshire election process, would irreparably harm the Plaintiff and the Republic creating a continuing question in the integrity of the upcoming Presidential primary and election, with a real potential of denying representation in the presidency by permanently sowing distrust in federal elections. This Court has found such threats to constitute irreparable harm on numerous occasions. The Plaintiff is not seeking to be certified as a class with his fellow Plaintiffs, and respectfully request that this Court issue the following relief:

A.  **DECLARE, before December 31st, 2023,** that the Defendant NH-SOS and Defendant NH-GOP are in violation of New Hampshire election laws, and as a result: **ORDER Forthwith** the Defendants to Cease and desist all violations of New Hampshire's election laws, and in particular RSA 659:14, et seq. and RSA 654:34, et seq.

B.  **ORDER Forthwith** the Defendants to "correct" all political affiliation changes made from June 7, 2023, until the present date, **Before December 31st, 2023,** by communicating to each city and town of this required "correction", as stipulated within Plaintiff's **Motion for Expedited Preliminary Injunctive Relief.**

C.  **Declare,** pending the disposition of this complaint, that any electoral college votes cast by such presidential electors appointed for the State of New Hampshire are in violation of the Electors Clause, the Elections Clause and the Fourteenth Amendment of the U.S. Federal Constitution and cannot be counted.

D.  Pending the disposition of this complaint, **Enjoin** Defendants, and each of them, use of the 2024 election results for the Office of President to appoint presidential electors to the Electoral College.

E.  If any of the Defendants have already assigned or appointed presidential electors to the Electoral College, direct such States' legislatures, pursuant to 3 U.S.C. § 2 and U.S. CONST. art. II, § 1, cl. 2, to appoint a new set of presidential electors in a manner that does not violate the Electors Clause and the Fourteenth Amendment, or to appoint no presidential electors at all.

F.  Enjoin the Defendant States from certifying presidential electors or otherwise meeting

for purposes of the electoral college pursuant to 3 U.S.C. § 5, 3 U.S.C. § 7, or

applicable law pending further order of this Court.

G.  In the alternative, adopt the Plaintiff's proposed preliminary relief as submitted within

the Plaintiff's Motion for Expedited Preliminary Injunctive Relief.

H.  **ORDER** a "waiver" for the Defendants to provide their answers timely to this

Amended Complaint as required under the Federal Rules of Civil Procedure and the

Local Rules, in order to Expedite the Plaintiff's Motion for Expedited Injunctive

Relief.

I.  Award costs to the Plaintiff as appropriate.

J.  Grant such other relief as the Court deems just and proper.

**SWORN TO AND SUBSCRIBED THIS 10th DAY OF DECEMBER, 2023,
UNDER PAINS & PENALTIES OF PERJURY.**

Wayne Paul Saya, Sr., Plaintiff, *pro se*
24 Cadogan Way
Nashua, New Hampshire 03062
Waynesaya2@gmail.com
571-220-3344

## CERTIFICATE OF SERVICE

We the Plaintiffs, pro se, have caused to deliver PLAINTIFF'S AMENDED
COMPLAINT AND PRAYER FOR DECLARATORY AND PRELIMINARY
INJUNCTIVE RELIEF  has been served upon the following Defendants and Plaintiffs
by email and certified mail, postage pre-paid, in addition to service below, to:

David Scanlan, Defendant
Secretary of State of New Hampshire
ATTENTION: Brendan Avery O'Donnell
NH Department of Justice (Concord)
33 Capitol St
Concord, NH 03301
603-271-3650
Fax: 603-271-2110
Email: brendan.a.odonnell@doj.nh.gov

Chris Ager, Defendant
Chairman
New Hampshire Republican State Committee
ATTENTION: Attorney Bryan K. Gould
Cleveland, Waters and Bass, P.A.
2 Capital Plaza
Concord, NH 03302-1137

Karen Testerman, Plaintiff, *pro se*          Lynn-Diane Briggs, Plaintiff, *pro se*
9 Stone Avenue                                4 Golden Pond Lane
Franklin, New Hampshire 03235                 Amherst, New Hampshire 03031
Karen@KarenTesterman.com                      Lynbdance@gmail.com
603-934-7111                                  603-801-6886

Service has been made by hand via US District Court form AO 398 (Rev. 01/09), or
by-way-of the county Sheriff's department.

SWORN TO UNDER PAINS AND PENALTIES OF PERJURY this 10th day of
December, 2023

Wayne Paul Saya, Sr., Plaintiff, *pro se*
24 Cadogan Way
Nashua, New Hampshire 03062
Waynesaya2@gmail.com
571-220-3344