UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KAREN TESTERMAN, <br> LYNN-DIANE BRIGGS, <br> and WAYNE PAUL SAYA, SR., <br><br> Plaintiffs <br><br> v. <br><br> DAVID SCANLAN, SECRETARY OF STATE FOR NEW HAMPSHIRE <br> and CHRIS AGER, NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE, <br><br> Defendants | Case No. 1:23-cv-00499-JL-AJ |

**OBJECTION OF DEFENDANTS CHRIS AGER AND THE NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE TO PLAINTIFF KAREN TESTERMAN'S MOTION TO TAKE JUDICIAL NOTICE**

Defendants Chris Ager and the New Hampshire Republican State Committee ("NHRSC") object to plaintiff Karen Testerman's motion that the court take judicial notice of her "challeng[e]" to undersigned counsel's representation of Mr. Ager and the NHRSC based on an alleged conflict of interest. Doc. No. 24. This objection rests on the following grounds.

Plaintiff Testerman's motion seeks no relief beyond taking judicial notice of her *allegation* of a conflict. To begin with, the motion fails to acknowledge or satisfy the standard for judicial notice. Fed. R. Evid. 201 governs when a court may take such notice, and only facts that are not "subject to reasonable dispute" can be judicially noticed. Fed. R. Evid. 201(b). The rule prescribes two sources of such facts: those "generally known within the trial court's

1

territorial jurisdiction" and those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1) and (2).

While it may be a fact that Ms. Testerman has *alleged* a conflict, the assertion of an allegation is not a fact that is relevant to any issue before the court. Put another way, if the court were to take judicial notice that she has made that allegation it would not be probative of any issue of fact the court must resolve to adjudicate plaintiffs' claims.

Although Ms. Testerman does not ask the court to take judicial notice that undersigned counsel *has* a conflict of interest, it is worth noting that her motion also fails to acknowledge or satisfy the standard for establishing a conflict. She maintains, without any evidentiary support, that undersigned counsel represents the NHRSC executive committee of which she is a member by virtue of her being the chair of the Merrimack County Republican Committee. Doc. No. 24 at 1. She goes on to allege that because Mr. Ager is chair of the same executive committee, undersigned counsel may not represent Mr. Ager and the NHRSC against her. *Id*.

This argument is predicated on a misapprehension. Undersigned counsel represents the NHRSC, not the executive committee. The NHRSC is a New Hampshire voluntary corporation and therefore a jural entity. https://nh.gop/bylaws/ (last visited 12/12/23), Art. I. The executive committee is not a legal entity. It governs the affairs of the NHRSC when the hundreds of members of the NHRSC are not in session. *Id*. at Art. IV "Duties." Mr. Ager, as chair of the NHRSC, determines who will serve as the NHRSC's legal counsel. *Id*. at Art. II "Duties," "Chairman."

For there to be a conflict of interest the lawyer must represent one client against the interests of another client[1]. N.H. R. Prof. Cond. 1.7. Ms. Testerman has brought this action in her individual capacity and has neither alleged nor shown that undersigned counsel represents her personally. There is no attorney-client relationship between counsel and Ms. Testerman. As a consequence, there can be no conflict.

Finally, what Ms. Testerman is essentially implying is that no lawyer could represent Mr. Ager and the NHRSC in the defense of the claims she has brought against them. She contends that by virtue of counsel's representation of Mr. Ager and the NHRSC and her membership on the executive committee, counsel may not represent those defendants. She does not claim there is anything in particular about undersigned counsel that makes the representation a conflict.

Ms. Testerman has failed to meet her burden of establishing her entitlement to judicial notice and has made no showing of the existence of a conflict. Accordingly, her motion must be denied.

Respectfully submitted,

CHRIS AGER, NEW HAMPSHIRE
REPUBLICAN STATE COMMITTEE,
By Their Attorneys,

Date: December 19, 2023

/s/ Bryan K. Gould
Bryan K. Gould, Esq. (NH Bar #8165)
gouldb@cwbpa.com
Jacob M. Rhodes, Esq. (NH Bar #274590)
rhodesj@cwbpa.com
Cleveland, Waters and Bass, P.A.
Two Capital Plaza, Fifth Floor
Concord, NH 03302-1137
Telephone: (603) 224-7761
Facsimile:  (603) 224-6457

---

[1] Although irrelevant here, a conflict can also arise if the lawyer's ability to represent a client is "materially limited" by the lawyer's personal interests or obligations to third parties. N.H. R. Prof. Cond. 1.7(a)(2).

CERTIFICATE OF SERVICE

    I hereby certify that the within document is being served electronically through the court's electronic filing system upon counsel of record and all other parties who have entered electronic service contacts in this docket. In addition, the following parties have been served by email and U.S. Mail:

Karen Testerman (karen@karentesterman.com)
9 Stone Avenue
Franklin, NH 03235

Lynn-Diane Briggs (lynbdance@gmail.com)
4 Golden Pond Lane
Amherst, NH 03031

Wayne Paul Saya, Sr. (waynesaya2@gmail.com)
24 Cadogan Way
Nashua, NH 03062

Date:  December 19, 2023    /s/ Bryan K. Gould
                 Bryan K. Gould, Esq.