FILED - USDC -NH
2023 DEC 18 AM 10:14

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**Karen Testerman,** *pro se*

**Lynn-Diane Briggs,** *pro se*

**Wayne Paul Saya,** *pro se*

*Plaintiffs*

*Vs*

**DAVID SCANLAN**
**SECRETARY OF STATE FOR NEW HAMPSHIRE, et al,**

*Defendants*

*Docket No.23-cv-00499-JL-AJ*

**PLAINTIF WAYNE PAUL SAYA, SR. SECOND AMENDED MOTION FOR EXPEDITED CONSIDERATION FOR PRELIMINARY INJUNCTIVE RELIEF – TO CONFORM TO CORRECTIONS MADE WITHIN THE AMENDED COMPLAINT AS JOINED BY PLAINTIFF.**

Wayne Paul Saya, Sr., *pro se* ("Plaintiff Saya") hereby moves this honorable court, pursuant to District court **LR 7.1(f)**—<u>Request for Expedited Treatment</u> on the Plaintiff's <u>Motion for Preliminary Injunctive Relief for Cause</u> pursuant **to LR 65.1**. Plaintiff Saya's amended motion for expedited injunctive relief was amended today (December 15, 2023) in connection with his earlier motion (Pacer no. 35) to join the 'Amended Complaint' of Plaintiff Karen Testerman filed December 13th, 2023 (Pacer no. 32).

1

## Cause of Action

1. Plaintiff Saya is filing this <u>second amended motion</u> for expedited injunctive relief, and for cause, because Plaintiff Testerman's amended complaint revealed a fatal flaw in Plaintiff Saya's amended complaint (Pacer no. 29), where Plaintiff Saya used a criminal (not civil) Elections statute. When Plaintiff Testerman's amended complaint (Pacer 32) cured this error two days after Plaintiff Saya's filing, both Plaintiff Saya and Plaintiff Lynn-Diane Briggs "Plaintiff Briggs" filed motions to join the amended complaint of Plaintiff Testerman, rather than go through the lengthy and time-consuming ordeal of filing individual corrected complaints which would have clogged-up an already overly active docket.

2. The above-named and numbered 'amended motion for expedited injunctive relief" now reflects the amended relief sought by Plaintiff Saya, which corresponds to Plaintiff Testerman's 'amended complaint' and Plaintiff Saya and Plaintiff Briggs joinder of that complaint.

3. Plaintiff Wayne Paul Saya, Sr., *pro se*, "Plaintiff" brought this action against the New Hampshire Secretary of State, David Scanlan "Defendant Scanlan", as New Hampshire's chief Elections Officer, and against the Chairman of the Republican Party of New Hampshire, Chris Ager "Defendant Ager". Defendant Scanlan and Defendant Ager combined as "Defendants".

4. The Plaintiff alleges that the Defendants violated his substantive and procedural due process and equal protection rights under articles 1, 11, 14, and 15 of the New

Hampshire Bill of Rights, and under the 14th Amendment to the Federal Constitution pertaining to their violations of the U.S. "Elector's clause" of Article II, Section 1.

5.   However, the defendants violated not only the Electors Clause, U.S. Const. art. II, § 1, cl. 2, but also the Elections Clause, art. I, § 4 (to the extent that the Article I "Elections" Clause textually applies to the Article II process of selecting presidential electors). Whereby, Article I, Section 4, Clause 1 of the "Elections Clause" is hereby cited for this specific reason.

1.   The Plaintiff alleges the Defendants Constitutional violations stem from the Federal Voting Rights Code 52 U.S. Code § 10101, and 42 U.S.C. 1973a(c), or Section 3(c) of the Federal Voting and Elections Code, (changed to 52 U.S.C 10301) of the Federal Voting and Elections Code.

6.   Plaintiff alleges that the above-named violations were the direct result of the Defendants violating the state's Federal mandate to comply with the U.S. Electors clause and the U.S. Elections clause—*above*, when Defendants each ignored and circumvented the very Elections laws they were mandated to provide, namely New Hampshire Rev. Stat. Ann. "RSA" §659:14 and RSA §654:34 respectively, but in particular, "permit[ting]" New Hampshire voters to "switch their political affiliations after the state statutory cut-off period of June 7, 2023," in violation of a state statute—RSA §654:34, IV. See Pacer no. 32, pars 6-11.

7.   Plaintiff also alleges, by "changing the rules" and extending a New Hampshire voter's ability to change their party affiliation for an additional four months, an unknown number of democrat voters, although reported as around 4,000 democrat voters, were

able to change their party affiliation in order to vote in the Republican Presidential primary to disrupt and change the outcome of the Republican Presidential nominee, harming the Plaintiff's ability to participate in a free and fair Elections, and disenfranchising his one man one vote proposition.

2.   Plaintiff's question seeking Preliminary Injunctive Relief before the court; whether Defendant Scanlan established new standards (ignoring NH RSA 654:34 and 659:14) for conducting Presidential primary election contests, thereby violating Art. II, §1, "Electors Clause" and Article I, Section 4, Clause 1 of the "Elections Clause" of the United States Constitution and failing to comply with the Federal Voting Rights Code 52 U.S. Code § 10101, and 42 U.S.C. 1973a(c), or Section 3(c), (changed to 52 U.S.C 10301) of the Federal Voting and Elections Code.

8.   of the Federal Voting and Elections Code, and whether ignoring these state Election laws violated the Plaintiff's Equal Protection and Due Process rights of both the New Hampshire and U.S. Constitutions. *Compare Bush v Gore*, 531 U.S. 98 at 103.

9.   An additional question by the Plaintiff is submitted to the court; did the Defendants violate the Plaintiff's state and Federal due process and equal protection rights, under color of law, when they "changed the rules" by extending (by 4-months) voters an opportunity to change party affiliations against the statutory requirement of RSA §654:34, IV, from the first Wednesday in June to October 6th, 2023, ignoring the state legislature's protection against fraud and abuse and as mandated by the Electors Clause and Elections Clause *above*.

**Defendant Secretary of State Cannot Claim Immunity**

The following is supplemental to the Federal Supremacy clause:

10. **First**, the 11th amendment of the U.S. Constitution, under the following case (cited by the Defendant) of *Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)*, was in fact a U.S. Supreme Court case which holds, that Article I of the U.S. Constitution does not give the United States Congress the power to abrogate the sovereign immunity of the states, where the states are protected under the Eleventh Amendment. However, such abrogation of a state's immunity is permitted where it is necessary to enforce the rights of citizens guaranteed under the Fourteenth Amendment, as shown in *Fitzpatrick v. Bitzer, 427 US 445 (1976)*.

11. In the instant case, the Plaintiff has made numerous claims citing election law violations to their U.S. Fourteenth amendment equal protection and due-process rights.

12. **Secondly**, the Florida case *(above)* also held that the doctrine in *Ex parte Young, 209 US 123 (1908)*, allowing state officials to be sued in their official capacity for injunctive relief (not monetary damages). In the instant case, Plaintiff is seeking non-monetary orders and declarations from the court.

13. **Third**, for negligence claims, New Hampshire provides a limited waiver of state sovereign immunity that mirrors the doctrine of *respondeat superior*. Like municipalities, the State is liable for intentional torts, such as what a 1983 action is

5

used for, and only when the state actors do not have a reasonable belief in the lawfulness of their conduct. This is not the case here.

14.     New Hampshire provides broad statutory immunity for state officials. The state's statute governing state official liability *(below)* includes a broad policy statement designed to extend the State's sovereign immunity when officers (such as Defendant Secretary of State) are acting within the scope of their official duty, "whether arising against them in their "personal capacity or official capacity," <u>provided they were not acting in a "wanton or reckless manner.</u>

"*It is the intent of this chapter to protect state officers, trustees, officials, employees, and members of the general court who are subject to claims and civil actions arising from acts committed within the scope of their official duty while in the course of their employment for the state <u>and not in a wanton or reckless manner</u>.*" <u>See</u> NH RSA 99-D:1. *Emphasis supplied.*

15.     **Finally**, the Plaintiffs have further cited 42 U.S.C. Section 1983 in this action, which provides each of the Plaintiffs an individual right to sue state government employees and others acting "under color of state law" 18 U.S. Code §242.

16.     Plaintiffs have cited Const. N.H. Part I, art. 1 (Power of the NH legislature above state government to legislate for the people), art. 11 (NH Elections clause), and art 14, (NH Equal Protection Clause),[1] regarding the independent state actions that violated NH RSA 659:14 (Special Provisions for State and Presidential

---

[1] Const. Art 15 is the New Hampshire Due Process clause.

Primary Elections), and NH RSA 654:34 (Change of Registration), harming the Plaintiffs under color of law, under :

52 USC 21085: Methods of implementation left to discretion of State   Re: Administration requirements.

17.     Here the state abused their discretion by violating U.S. Const. Article I, Section 4, Clause 1 (Elections Clause), regarding the Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof— to the extent that the Article I Elections Clause textually applies to the Article II process of selecting presidential electors of the 'Electors Clause'.

18.     The primary state Elections law required by the federal Elections clause that was violated is as follows:

*IV. No person, who is already registered to vote, whether his party membership has been previously registered or not, <u>shall affiliate with a party or disaffiliate from a party between the first Wednesday in June and the day before the state primary election</u>.  RSA 654:34, IV.   Emphasis supplied*

and, where under the 14th Amendment to the U.S. Constitution Plaintiff's rights of 'equal protection' were violated:

*"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."* U.S. Const. Amend. 14.

## PRAYER FOR RELIEF

A.  **Terms & Corrective Actions:** Defendants must correct their previous election law violations as described *above*, <u>forthwith,</u> in accordance with the following:

1.  <u>Option 1</u> — Determine (audit) the number of political affiliate *(Democrat, Republican, Independent, etc)* voters who changed their political affiliations to "undeclared" during the first Wednesday in June, 2023, to October 6th, 2023, in violation of RSA 654:34 - IV, and have those "undeclared" voters returned to their previous political party affiliations,[2] in order to prevent a manipulation and fraud of an opposing affiliate party's primary candidate vote-tally.

2.  The approximate 4,000 Democrat party affiliates who switched to an "undeclared" status, from June 7th, 2023, to October 6th, 2023, in violation of RSA 654:34-IV, must be switched back to their original Democrat party.

3.  Determine if any additional party affiliations have changed to an alternate party or "undeclared" status beyond the number which has been reported by the television and print media.

4.  <u>Option 2</u> — In an effort to keep and maintain a pure Election and to provide the Plaintiff with equal protection and his due-process of law as described within Plaintiff's Memorandum of law, the New Hampshire Presidential primary is required to be moved forward from Tuesday, January 23rd, 2024, to the same date as the federal congressional primary of September 10th, 2024. This "court order" is made to correct previous political affiliation changes made outside of the mandate of the Federal Electors Clause and the

---

[2] It has been reported that the number of "undeclared" changes made were around 3,500.

Federal Elections Clause, and to 're-establish' New Hampshire voter's 'legal' political designation in compliance with state election law RSA 654:34-IV and those laws as described within the Plaintiff's Memorandum of Law, and to be in compliance with Federal Voting Rights Code 52 U.S. Code § 10101, and 42 U.S.C. 1973a(c), or Section 3(c) of the Federal Voting and Elections Code.

**Restraints and Order Proposed:**

ii. This Court should first administratively stay or temporarily restrain the Defendant States from voting in the electoral college until further order of this Court and then issue a preliminary injunction or stay against their doing so until the conclusion of this case on the merits.

iii. To enjoin Defendant David Scanlan, individually and in his official capacity as New Hampshire Secretary of State, his agents, successors and employees, from circumventing, ignoring, or violating any and all New Hampshire election laws under RSA 654:32 *(Hearings on Alterations to Party Registration)*; RSA 654:34 *(Change of Registration)*, and RSA 659:14 *(Special Provisions for State and Presidential Primary Elections.*

iv. To enjoin Defendant Chris Ager, individually and in his official capacity as chairman of the New Hampshire Republican Committee, his agents, successors and employees, from circumventing, ignoring, or violating any and all New Hampshire election laws under RSA 654:32 *(Hearings on Alterations to Party Registration)*; RSA 654:34 *(Change of Registration)*, and RSA 659:14 *(Special Provisions for State and Presidential Primary Elections.*

 v. To require each of the named Defendants to correct all prior violations of the New Hampshire election laws in the time, manner, and place as proposed by the Plaintiff's *above-options* or determined by this court.

 vi. To require all New Hampshire municipalities to cooperate with Defendant David Scanlan, New Hampshire Secretary of State, or vice-versa, in-as-much-as providing information required to assist in the court's 'Order' for correcting the above-described statutory election violations — Fed. R. Civ. P. 65(d)(2)(A)(B).

 vii. Expedited Relief is Required pursuant to the existing primary and general election schedules described above, and the following electoral schedule:

(a) December 8, 2024 is the safe harbor for certifying presidential electors, 3 U.S.C. § 5;

(b) the electoral college votes on December 14, 2024, 3 U.S.C. § 7; and

(c) the House of Representatives counts votes on January 6th, 2025, 3 U.S.C. § 15.

Absent some form of relief, the defendants will appoint electors based on unconstitutional and deeply uncertain election results, and the House will count those votes on January 6, tainting the election and the future of free elections.

Expedited consideration of this motion for Injunctive Relief is needed to enable the Court to resolve this original action before the applicable statutory deadlines, as well as the constitutional deadline of January 20, 2025, for the next presidential term to commence. U.S. Const. amend. XX, § 1, cl. 1. The Plaintiff respectfully requests that the Court order

the Defendants to respond to the motion for Expedited Relief for Injunctive Relief for a Hearing no later than January 5, 2024 .

If it pleases the court, the Plaintiff waives the waiting period for reply briefs under Fed. R. Civ. P. 12(a)(1)(A)(i), so that the Court could consider the case on an expedited schedule.

## CONCLUSION

Enjoining or staying Defendants appointment of electors would be an especially appropriate and efficient way to ensure that the eventual appointment and vote of such electors reflects a constitutional and accurate tally of lawful votes, and otherwise complies with the applicable constitutional and statutory requirements in time for the House to act on January 6, 2025.

Under the circumstances, it would be appropriate for this Court to issue a preliminary injunction that, during the pendency of this litigation, enjoins the Defendants from continuing their unlawful and unconstitutional behavior in the upcoming Federal primaries and general election. The Plaintiff respectfully request that any alternative remedial process ordered by the Court, other than that proposed by the Defendants, allow for timely enactment of a new plan that complies with New Hampshire law and the New Hampshire constitution.

**SWORN TO AND SUBSCRIBED THIS 15th DAY OF DECEMBER, 2023.**

Respectfully submitted,

*/s/ Jayme Paul Saya, Sr.*

Wayne Paul Saya, Sr, Plaintiff
*In propria persona*
24 Cadogan Way
Nashua, NH 03062
Waynesaya2@gmail.com
571-220-3344

## CERTIFICATE OF SERVICE

I, Wayne Paul Saya, Sr., individually *pro se*, and not being a member of a class, have caused to deliver this PLAINTIF WAYNE PAUL SAYA, SR. SECOND AMENDED MOTION FOR EXPEDITED CONSIDERATION FOR PRELIMINARY INJUNCTIVE RELIEF – TO CONFORM TO CORRECTIONS MADE WITHIN THE AMENDED COMPLAINT AS JOINED BY PLAINTIFF, have been served upon the following parties, by way of Electronic email and U.S. Mail Postage Pre-Paid, to:

David Scanlan, Defendant
ATTN: Brendan Avery O'Donnell, Attorney
NH Department of Justice (Concord)
33 Capitol St
Concord, NH 03301
603-271-3650
Fax: 603-271-2110
Email: brendan.a.odonnell@doj.nh.gov

Chris Ager, Defendant, Chairman
New Hampshire Republican State Committee
ATTENTION: Attorney Bryan K. Gould
Cleveland, Waters and Bass, P.A.
2 Capital Plaza
Concord, NH 03302-1137

Co-Plaintiff Copies:

| Karen Testerman, Plaintiff, *pro se* | Lynn-Diane Briggs, Plaintiff, *pro se* |
|---|---|
| 9 Stone Avenue | 4 Golden Pond Lane |
| Franklin, New Hampshire 03235 | Amherst, New Hampshire 03031 |
| Karen@KarenTesterman.com | Lynbdance@gmail.com |
| 603-934-7111 | 603-801-6886 |

**SWORN TO UNDER PAINS AND PENALTIES OF PERJURY this 15th day of December, 2023.**

*[signature]*

Wayne Paul Saya, Sr, Plaintiff, *pro se*
24 Cadogan Way
Nashua, NH 03062
[Waynesaya2@gmail.com](mailto:Waynesaya2@gmail.com)
571-220-3344