**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Karen Testerman, et al.

    v.                                    Civ. No. 23-cv-499-JL-AJ

NH Secretary of State, et al.


### PROCEDURAL ORDER: PRELIMINARY INJUNCTION HEARING

The court will conduct a hearing on plaintiffs' motion for preliminary injunction (Doc. No. 40) on **January 5, 2024, at 1:30 p.m.**

On or before **4 p.m., January 2, 2024**, the parties shall each file:

- a **timeline – one for the defendants and one for the plaintiffs --** setting forth all pertinent dates, times, and events (including applicable legal and practical deadlines), in whatever format the parties choose (in other words, the parties need not comply with Local Rule 5.1(a) with respect to the format of the timeline).  Should any individual plaintiff or defendant take issue with any entry or omission in **their side's** submission, it should be noted in a parenthetical or footnote, **not** in a separate submission;

- a **Statement of Facts** the party claims to be **undisputed** (including applicable legal and practical deadlines), followed by a **Statement of Facts** the party believes to be disputed.  The disputed facts are not an invitation to advocacy (i.e., "The plaintiff can not establish irreparable harm because . . ." or "There is a strong likelihood of success on the merits because . . . ."). The parties should simply list facts that are disputed by the parties (i.e., "Whether Smith provided timely notice to Jones regarding X" or "Whether Jones

accepted Smith's offer by his email dated January 10, 2021.")

On or before **December 28, 2023,** the parties shall file their witness lists for the hearing.

On or before **January 4, 2024,** each party shall file:

- an exhibit list; and
- proposed findings of fact and rulings of law.

On or before **January 4, 2024** the plaintiffs shall file a proposed order in compliance with Federal Rule of Civil Procedure Rule 65 and Local Rule 65.1.  The order shall specifically address the amount of the bond, if any, under Rule 65(c).

Counsel and pro se parties shall confer in a good-faith effort to identify all areas of agreement, so that open court testimony can focus on matters truly in dispute.  Counsel and pro se parties are expressly discouraged from simply "recycling" factual statements submitted during previous filings and/or motion practice in this case.

Counsel and pro se parties shall confer before the hearing to identify all areas of agreement and disagreement as to the admissibility of each exhibit.

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

December 21, 2023

cc:  Karen Testerman, pro se
     Lynn-Diane Briggs, pro se
     Wayne Paul Saya, Sr., pro se
     Brendan Avery O'Donnell, Esq.
     Bryan K. Gould, Esq.
     Jacob Rhodes, Esq.