# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Karen Testerman, et al, | * |
| | * |
| Plaintiffs, | * |
| v. | *  Civil No. 1:23-cv-00499-JL-AJ |
| | * |
| Secretary of State David M. Scanlan, et al, | * |
| | * |
| Defendants. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SECRETARY OF STATE'S OBJECTION TO
## THE PLAINTIFFS' SECOND AMENDED MOTION
## FOR PRELIMINARY INJUNCTIVE RELIEF

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, objects to the Plaintiffs' second amended motion for preliminary injunctive relief. See ECF 40 & 40-1.

I.    Introduction:

1.    The Plaintiffs, Karen Testerman, Lynn-Diane Briggs, and Wayne Paul Saya, Sr., brought this action against the Secretary of State and the New Hampshire Republican State Committee. The Plaintiffs allege that the Defendants violated several federal and state constitutional provisions and one federal statute by "permit[ting]" New Hampshire voters to "switch their political affiliations after the state statutory cut-off period of June 7, 2023," in violation of RSA 654:34, IV. See ECF 32-1, at 5-12, ¶¶11-27. The Plaintiffs' complaint and motion for preliminary injunction seek various injunctive relief to correct these "unlawful and unconstitutional violations of New Hampshire's election laws," see ECF 32-1, at 21; ECF 40, at 7, ¶18, including ordering the Secretary of State to "Cease and desist all violations of New

Hampshire's election laws" and to "'correct' all political affiliation changes made from June 7, 2023, until the present date," ECF 32-1, at 22, ¶¶A-B; ECF 40, at 8-10.

2.       The Plaintiffs' request for preliminary injunctive relief should be denied because the Plaintiffs' claims fail for numerous independent reasons and because the balance of the equities and public interest do not support granting injunctive relief to subject 3,900 New Hampshire voters to an involuntary party change that affects how the voter is able to participate in the a presidential primary election that is just 26 days away.

II.      Standard of Review:

3.       "A preliminary injunction is an extraordinary and drastic remedy" that "should never be awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008).

III.      The Plaintiffs cannot demonstrate a likelihood of success on the merits:

4.       The Plaintiffs cannot demonstrate a likelihood of success on the merits because their claims fail for several independent reasons, which the Secretary of State explained in detail in his motion to dismiss and supporting memorandum of law.  Specifically, the Plaintiffs' claims must be dismissed because: (1) the Secretary of State is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution; (2) the Plaintiffs' complaint for injunctive relief must be denied consistent with the Purcell Principle because granting the Plaintiffs' requested injunctive relief this close to New Hampshire's January 23, 2023, presidential primary election would result in voter confusion and voter disenfranchisement;

(3) the Plaintiffs' claims fail as a matter of law because they are each based on a violation of RSA 654:34, IV, which does not apply to presidential primary elections; (4) each count in the Plaintiffs' complaint fails to state a claim for which relief can be granted; and (5) the Plaintiffs have not alleged sufficient facts to demonstrate that they have individual Article III standing against the Secretary of State.  The Secretary of State incorporates the arguments in his motion to dismiss and supporting memorandum of law into this objection.

5.      Because the Plaintiffs cannot prevail on any of their claims, they cannot demonstrate a likelihood of success on the merits and are not entitled to preliminary injunctive relief.  Because the Plaintiffs cannot demonstrate a likelihood of success on the merits, the Court need not consider the remaining preliminary injunction factors  See New Comm Wireless Servs. v. Sprintcom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) ("The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.").

6.      Accordingly, the Secretary of State requests that the Plaintiffs' motion for preliminary injunctive relief be denied.

   IV.   <u>The Plaintiffs cannot demonstrate that the balance of equities or public interest favor granting preliminary injunctive relief</u>.

7.      To the extent that the Court considers the remaining preliminary injunction factors, those factors additionally warrant denial of the Plaintiffs' request for preliminary injunctive relief.

8.      Here, the Plaintiffs seek injunctive relief to change the party affiliation of approximately 3,900 New Hampshire voters who allegedly changed their party affiliation between June 7 and October 6, 2023, in advance of an election that is just three weeks and five days away.  See ECF 40, at 8, ¶¶A1-A2 & n.2; see also ECF 32-1, at 22, ¶B.  Moreover, the Plaintiffs' requested injunctive relief would effect this change on approximately 3,900 New Hampshire voters (who

are not a party to this proceeding) who changed their party affiliation at a supervisors of the checklist session held in accordance with RSA 654:32 and the Secretary of State's public statements regarding the deadline to change party affiliations prior to the presidential primary election.

9.      The balance of equities cannot support judicially changing party affiliations for 3,900 New Hampshire voters fewer than four weeks before a presidential primary election, particularly when those voters changed their party affiliations at public supervisors of the checklist sessions and in reliance on Secretary of State guidance regarding State law.  Nor does the public interest support subjecting 3,900 New Hampshire voters to an involuntary party change that affects how the voter is able to participate in the impending presidential primary election.  Granting the Plaintiffs' requested preliminary injunctive relief would create voter confusion, prevent voter participation in the party primary in which those voters sought to participate, and disincentivize affected voters from otherwise participating in the presidential primary election.  Accordingly, the balance of the equities and the public interest support this Court denying the Plaintiffs' request for preliminary injunctive relief.

        WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

        A.  Deny the Plaintiffs' motion for preliminary injunctive relief.

                                        Respectfully submitted,

                                        Secretary of State David M. Scanlan

                                        By his attorney,

                                        THE OFFICE OF THE ATTORNEY GENERAL

Dated: December 28, 2023            /s/ Brendan A. O'Donnell
                                    Brendan A. ODonnell, Bar #268037
                                    Assistant Attorney General
                                    Election Law Unit

Office of the Attorney General
1 Granite Place South
Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
603-271-1269

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on December 28, 2023, to all parties of record.  I hereby certify that a copy of the foregoing was sent by e-mail to all parties of record who are not registered ECF filers.

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell