UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Karen Testerman, et al,            \*
                                   \*
        Plaintiffs,                \*
v.                                 \*   Civil No. 1:23-cv-00499-JL-AJ
                                   \*
Secretary of State David M. Scanlan, et al,  \*
                                   \*
        Defendants.                \*
                                   \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SECRETARY OF STATE'S MOTION TO QUASH
### PLAINTIFF TESTERMAN'S SUBPOENA TO PRODUCE DOCUMENTS

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, moves to quash Plaintiff Karen Testerman's December 27, 2023, subpoena to produce documents.

I.   Background:

1.   The Plaintiffs brought a complaint alleging that the Defendants violated various constitutional provisions and one federal statute by allowing voters to change their party affiliation between June 7 and October 6, 2023, in violation of RSA 654:34, IV.  The Plaintiffs seek injunctive relief to "correct" these allegedly unlawful party affiliation changes.  See RSA 32-1, at 22-23; ECF 40-1, at 22-23.

2.   Each Defendant moved to dismiss.  The Secretary of State argued that the Plaintiffs claims must be dismissed for several alternative reasons, including: (1) the Secretary of State is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution; (2) the Plaintiffs' complaint for injunctive relief must be denied consistent with the Purcell Principle because granting the Plaintiffs' requested injunctive relief this close to New

Hampshire's January 23, 2023, presidential primary election would result in voter confusion and voter disenfranchisement; (3) the Plaintiffs' claims fail as a matter of law because they are each based on a violation of RSA 654:34, IV, which does not apply to presidential primary elections; (4) each count in the Plaintiffs' complaint fails to state a claim for which relief can be granted; and (5) the Plaintiffs have not alleged sufficient facts to demonstrate that they have individual Article III standing against the Secretary of State.  See ECF 49.

3.     The Court initially scheduled a hearing on the Plaintiffs' request for preliminary injunctive relief for January 5, 2024, but the Court subsequently converted that hearing to address only the issue of the Plaintiffs' standing.  See ECF 48.

4.     On December 27, 2023, the Plaintiff delivered a subpoena to the Department of Justice that required the Secretary of State to produce certain documents at the January 5, 2024, hearing. A copy of the subpoena is attached to this pleading.  Specifically, the Plaintiff ordered the Secretary of State to produce:

> i.  "Each and every written notice from the chairman of the New Hampshire Republican Party stating that said political party has adopted a rule that permits a person who is registered as an undeclared voter to vote in the Republican primary."
> ii. "The most recent and current text of the voter instruction cards required by RSA 658:28 stating whether a party rule has been adopted which permits a person who is registered as an undeclared voter to vote in the primary of the Republican party, as dictated by RSA 659:14, II."

II.    <u>Plaintiff Testerman's subpoena seeks documents that are neither relevant to pending jurisdictional challenges nor relevant to the Plaintiffs' claims.</u>

5.     The Plaintiffs have not articulated any basis for conducting discovery prior to resolution of the jurisdictional questions that the Defendants raised in their motions to dismiss.  See *Sanchez ex rel. D.R.-S. v. United States*, 671 F.3d 86, 98–99 (1st Cir. 2012) (A court need not authorize "discovery pending resolution of a jurisdictional question when the record indicates

that discovery is unnecessary (or, at least, is unlikely to be useful) in regard to establishing essential jurisdictional facts." (cleaned up)).

6.  It is not apparent how the documents Plaintiff Testerman seeks are relevant to the jurisdictional issues before the Court, and the Plaintiffs have not articulated any basis for seeking these documents prior to the Court resolving jurisdictional questions.

7.  Even if discovery related to the merits of the Plaintiffs' claims were appropriate at this stage, the documents that Plaintiff Testerman seeks are not relevant to the Plaintiffs' claims. Although the Plaintiffs make passing references RSA 659:14, II in their Complaint, see ECF 32-1, none of the Plaintiffs' individual claims alleges that it is unlawful for undeclared New Hampshire voters to vote in the New Hampshire republican presidential primary. See generally ECF 32-1, at 15-21, ¶¶ 49-71.  Rather, the Plaintiffs' claims appear to be entirely based on their assertion that the Defendants violated various constitutional provisions and one federal statute by allowing voters to change their party affiliation between June 7 and October 6, 2023, in violation of RSA 654:34, IV.  This is readily apparent from the Plaintiffs' requests for injunctive relief. The Plaintiffs request an order requiring the Defendants to "correct all political affiliation changes"; they do not request any injunctive relief related to participation in primaries by undeclared New Hampshire voters.  See ECF 32-1, at 22-23; ECF 40-1, at 21-24.

8.  Notably, this fact is not in dispute.  The Defendant Secretary of State sent a letter to all city and town clerks and supervisors of the checklist on September 13, 2023, informing them that the final supervisors of the checklist sessions at which voters may change their political affiliation must be held on Friday, October 6, 2023—the Friday prior to the opening of the candidate filing period for the presidential primary.  See ECF 1, Ex. A; RSA 654:32.  It is unclear why the Plaintiffs need additional discovery prior to the Court ruling on the Defendants'

motions to dismiss when the essential fact upon which the Plaintiffs base their claims is not in dispute.

9. In sum, Plaintiff Testerman's subpoena should be quashed because she has not articulated a need for this discovery prior to the Court ruling on prerequisite jurisdictional issues and because the subpoena seeks documents that are irrelevant to the merits of the Plaintiffs' claims regarding unlawful party affiliation changes.

10. Given the nature of the relief requested in this motion, the Defendant did not seek assent from the Plaintiffs.

WHEREFORE, the Secretary of State respectfully requests that this Honorable Court:

A. Quash Plaintiff Testerman's December 27, 2023, subpoena for documents.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: December 29, 2023

/s/ Brendan A. O'Donnell
Brendan A. ODonnell, Bar #268037
Assistant Attorney General
Election Law Unit
Office of the Attorney General
1 Granite Place South
Concord, NH 03301
brendan.a.odonnell@doj.nh.gov
603-271-1269

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on December 29, 2023, to all parties of record. I hereby certify that a copy of the foregoing was sent by e-mail to all parties of record who are not registered ECF filers.

/s/ Brendan A. O'Donnell
Brendan A. O'Donnell