# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**Karen Testerman,** *pro se*

**Lynn-Diane Briggs,** *pro se*

**Wayne Paul Saya, Sr.,** *pro se*

*Plaintiffs*

*Vs*

**DAVID SCANLAN**
**SECRETARY OF STATE FOR NEW HAMPSHIRE, et al,**

*Defendants*

*Docket No. 1:23-cv-00499-JL-AJ*

## PLAINTIFFS MOTION TO 'ALTER OR AMEND JUDGEMENT' UNDER FED. R. CIV. P. 59(e) PURSUANT TO THE COURT'S DECISION AND ORDER TO DISMISS FOR LACK OF STANDING.

Plaintiff, Wayne Paul Saya, Sr. "plaintiff Saya" *pro se* and Lynn-Diane Briggs, "plaintiff Briggs" *pro se,* individually and as "Plaintiffs", hereby move the honorable court under Fed. R. Civ. P. 59(e)[1] to "Alter or Amend Judgement" regarding the court's Order on the issue of the plaintiffs 'Standing'

Plaintiffs submit (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. See 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

<u>Specifically,</u> (1) the court overlooked and/or did not address the Plaintiffs claim that 'Standing' in this action is found within the two U.S. Supreme court cases of *Moore v. Harper,*

---

[1] Fed.R.Civ.P. 59(e) <u>Motion to Alter or Amend a Judgment</u>. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

600 U.S. 1 (decided June 27, 2023) [hereinafter, "*Moore*"] and *New York State Rifle & Pistol Assn., Inc., et al. v. Bruen,* 597 U.S. l, [hereinafter, "*Bruen*"] No. 20-843 (U.S. Supreme Court, June 23, 2022).

> *"I'm going to take a second look -- you know, I -- I planned on ruling today from the bench because I thought I had a pretty good idea of the answer here, but I'm going to take a harder look at Bruen and Moore v. Harper because while I don't think those cases address standing law, it might be that you've given me a different way of perceiving and I'm going to take a look."* <u>Transcript of January 5, 2024 Evidentiary Hearing before the Honorable Joseph N. Laplante, "Hearing Transcript", **Page 114, lines 8-14**</u>.

Further, the court did not cite or address *Bruen* or *Moore*, individually or collectively in its opinion and Order to Dismiss. (2) In support of plaintiffs claim that the *Bruen* and *Moore* decisions apply to the plaintiffs remedy upon which relief can be granted, during the January 5, 2024 Evidentiary Hearing on the issue of 'Standing' (Pacer Doc. 65), this honorable court answered Plaintiff Testerman, in so many words, which indicated that no other relief is available within the federal court system—when a state knowingly and willingly violates state Election laws, where such violations directly affect a member group of registered Republican voters. See <u>Hearing Transcript-Pg.116, lines 6-7</u>:

Question from Plaintiff Testerman – *"If we cannot establish standing in this court, where do we go for remedy?"*

Answer by the court – *But the remedy for this kind of thing, if there's no standing . . . the remedy is just the ballot box.* <u>Pg. 116, lines 9-15</u>, and

(3) <u>New evidence</u>: Where the Primary Election in question has now taken place and the voting results show that Republican and Democrat candidates were not treated equally and fairly, where as reported by both local and national newsprint and television media, thousands of undeclared

New Hampshire Democrat voters voted within the Republican Presidential primary Election, and as alleged in violation of State law—*infra*, to sway the Republican party nominee for President of the United States. These thousands of voters were taken or removed from bonafide candidates within the Democrat party, skewing the Primary Election results and placing into question the Democrat party nominee as well as putting into question the accurate vote tally for the successful Republican nominee of New Hampshire. Plaintiffs here argue that the ballot box is now skewed with unlawful votes mixed with plaintiffs lawful votes, with no way to determine or knowing whether plaintiffs 'Republican party' nominees and the opposing 'Democrat party' nominees were negatively affected.

<u>The Question Presented Will Continue To Recur Until this Court Resolves It.</u>[2]

For this court to leave "uncured" the Defendants violations of New Hampshire Laws RSA 659:14 and RSA 654:34, Defendants will continue their circumvention and violation of these state Election laws in the upcoming 2024 federal congressional primary Elections and general Elections, with no political party-affiliated member (including plaintiffs) having the right to challenge these federal state Election law violations, which have the ability to change the success or failure of the plaintiffs preferred candidate, and that have now in fact affected the plaintiffs preferred candidate.

<u>Wherefore</u>, plaintiffs believe the honorable court must provide a remedy to the continuing constitutional questions regarding their 42 USC 1983 civil rights claim and deprivation of rights under color of law (Pacer Doc. 32-1, claims II and IV); the federal voting rights act under federal law (Pacer Doc. 32-1, Claims I and II), and plaintiffs due process and equal protection claims

---

[2] **C. The Question Presented Will Continue To Recur Until this Court Resolves It.** "The question whether a State's courts <u>or other entities</u> may nullify, alter, or replace the election regulations enacted "by the Legislature thereof" is not going to go away." See *Moore v. Harper* at 23. <u>Emphasis supplied</u>

pursuant to the New Hampshire Bill of Rights as cited within all claims of the plaintiffs and under the fourteenth amendment to the federal constitution.

### Plaintiffs Memorandum In Support of Motion to Alter or Amend Judgement

1.  Plaintiff argue that their path to complete relief runs through this Court, and plaintiffs continue to have a "personal stake in the ultimate disposition of the lawsuit" sufficient to maintain this Court's jurisdiction. *Chafin v. Chafin,* 568 U. S. 165 at 172 (internal quotation marks omitted).

2.  Constitutional requirement ensures that the parties before the court retain a "personal stake" in the litigation. *Baker v. Carr*, 369 U. S. 186, 204 (1962), and there must exist a dispute "at all stages of review, not merely at the time the complaint is filed." *Genesis HealthCare Corp. v. Symczyk*, 569 U. S. 66, 71 (2013) (internal quotation marks omitted). See Moore v Harper at 6—

II. In the instant action the plaintiffs have shown a 'personal stake' as members of a political affiliation who have made substantial financial investments[3] and contributed countless work hours.

> *"I have strategized and consulted with Karen [Plaintiff Testerman] when she ran for senator and two times for governor. We have done multiple fund-raisers and sponsored several tables and events for the Republican party. We have both also spent -- or I have spent -- many, many hours preparing for these events, fund-raising, sponsoring, just as much we could do to further the platform of the Republican party."* **Hearing Transcript, Testimony of Plaintiff Briggs, pg. 62, lines 4-11**. *"an activist for over six years, and involved with Republican party pretty much my whole life, over 30 years"*. **Lines 16-17**.

---

[3] Hearing Transcript, Testimony of Plaintiff Saya, page 77- lines 19-22, pg. 79- lines 16-21, page 104- lines 18-25.

4

3. Plaintiffs have alleged the Defendants knowingly and willingly circumvented and violated state Election laws, which were designed by the New Hampshire legislature for Federal Primary and general Elections, and for purposes of the court's hearing on plaintiffs 'standing', defendants violations as alleged were acknowledged by the court as true. **Hearing Transcript, pg. 104, lines 6 and 7.**

4. Plaintiffs contend that the circumvention and violations of these Primary and General Election laws were intended to circumvent and avoid the very Election laws enacted by the New Hampshire legislature as mandated under the Federal Elections clause.

> *Although the Elections Clause does not exempt state legislatures from the ordinary constraints imposed by state law, federal courts must not abandon their duty to exercise judicial review. This Court has an obligation to ensure that state court interpretations of state law do not evade federal law.* Moore v. Harper, above at 6.

5. Accordingly, although the instant complaint does not stem from a state court action, the issue of Defendants acknowledging a state Elections law violation in RSA 659:14-II along with Defendants wrongful interpretation of RSA 654:34—the issue remains that both state Election laws are being evaded by the defendant chairman of the Republican party of which plaintiffs are a member, and by an unelected defendant Secretary of State whom is the chief Elections law officer of the State of New Hampshire.

> *And, here, Congress -- Congress has told all the states, you have to create your own election laws. And now we've created our election law and laws that are supposed to protect the integrity of our elections, and now we're just using those laws the way we want to without even following them. And, to me, that's -- that's harming me because now I -- there's no such thing as a free and fair election in this state anymore, not with the way it's going on now.* **Hearing Transcript, Testimony of Plaintiff Saya, pg. 82, lines 13-21.**

6. Plaintiffs argue that the New Hampshire defendant Secretary of State, and with help from defendant chairman of the New Hampshire Republican State Committee "NHRSC", changed the process of selecting United States Presidential candidates, and continue to use these same Elections law schemes via evading state Election laws, for electing Republican Presidential nominees from a political group of which all plaintiffs are registered members.

> *"When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." <u>Konigsberg, 366 U. S., at 50, n. 10</u>." See Bruen at 15. Par 1*
>
> C
>
> *"This Second Amendment standard accords with how we protect other constitutional rights." See Bruen at 15. Par 2*

7. Accordingly, *Moore* establishes judicial review over the Elections Clause and Elections, and *Bruen* establishes the standard of review of federally protected rights.

8. The plaintiffs suit is continuing because these same aversion tactics by the defendants are continuing through to the New Hampshire congressional primary in September of 2024 and the New Hampshire general Election in November 2024.

9. <u>Whereas,</u> plaintiff Wayne Paul Saya, Sr., "plaintiff Saya" has a 'personal stake' in this action, where he has been a 30-year registered member of the Republican party, high-level financial benefactor and consistent state-wide supporter of this political group with plaintiff Testerman and plaintiff Briggs, but also with other high profile national campaigns and political affiliates.

> *"I've Worked -- a lot of people -- a lot of people running for office call me and they'll ask to have events for them. I've thrown events for Scott Brown, for Don Bolduc, and it costs a lot of money to do things like that. I've worked on Capitol Hill with Kelly Ayotte with regards to veterans affairs. And when I see that a lot of -- when I started reading in the papers during the summertime with regard to undeclareds being literally pushed on -- with commercials on TV and in the newspapers to change -- change your party affiliation to -- so that you can keep Donald Trump out, of course, I -- you know, I -- I'm a conservative. So I don't necessarily vote for one candidate. I haven't even made up my mind yet out of the three. But when I see that happening, it -- it alarmed me. It concerned me. And then I received phone calls indicating, well, we need more money because of all these new voters now that are switching over."* **Hearing Transcript, Testimony of Plaintiff Saya, pg. 64, lines 4-12.**

10. <u>Whereas</u>, plaintiff Lynn-Diane Briggs, "plaintiff Briggs" has a 'personal stake' in this action, where plaintiff Briggs is a 30-year registered member of this Republican party, and conservative radio LLC.

11. The plaintiffs argued that their financial support and volunteer actions within this political group reveals the plaintiffs have more than just a stake in this case, but a 'personal stake' in the described presidential primary Elections, as well as the state's congressional primaries in September of 2024 and the state's General Federal Elections in November of 2024.

12. As registered members of this Republican 'group', the described harm is directed toward each of the plaintiffs personally.

> *"I recognized that Mr. Ager and Mr. Scanlan, in their actions back and forth with letters and just the whole gamut of stuff going on, that a strategy has been allowed and has been set in motion by not following the law, 659:14. Not following it as written, has allowed a candidate to be selected for me."* **Hearing Transcript, Testimony of Plaintiff Briggs, pg. 63, lines 18-23.** *"Yeah. I feel that I'm being deprived of a free and fair -- fair and free election. I have been a registered Republican and according to this statute, it was*

7

*supposed to be cut off in June. It was not. It says that undeclared voters may pull a ballot in my primary, because this is about me, so in my primary. And I have a problem with that. I really feel that I'm being disillusioned, I'm being ignored. I feel that I'm being misled."* **Pg. 64, lines 4-12.**

13. Plaintiffs contend that this <u>is not</u> an issue regarding "every New Hampshire voter", but specifically towards the plaintiffs as members of an affected group of registered Republicans, all of which 'have a personal stake' in the outcome of all primary and general Elections: <u>The Court</u>: *"To say that you have standing would mean that every -- basically every New Hampshire voter could bring a federal lawsuit to have this enforced."* **Hearing Transcript, Pg. 102, lines 9-11.**

14. Accordingly, not every New Hampshire voter, and not even a handful of New Hampshire voters, can demonstrate the financial and personal labor support as demonstrated by the plaintiffs in the case at bar.

15. In addition, this issue directly affects each of the plaintiffs as high level registered members of a political affiliated group, and each having a 'personal stake' in seeing a free and fair election for their own candidate.

16. The defendants offered no reasoning or evidence as to the motive, intention or purpose as to why the above-described state Election laws were violated in such a way that directly impacts each plaintiff by interfering with their individual vote.

17. Where the Defendants did not offer any such reasoning or purpose, the court permitted the Defendants to shift the burden of proof upon the Plaintiffs in the form of 'Standing'.

18. Specifically, the defendants interfered with the Federally-required state Election laws in order to cause a change in the plaintiffs and their political party's intended Presidential nominee.

19. Plaintiffs believe the court overlooked the plaintiffs Statement of Facts and Memorandum of Law in Support of 'Standing' (Pacer doc. 63), and the plaintiffs closing argument during the

January 5, 2024 hearing on 'Standing' before the Honorable Court, (Laplante, J.), specifically relating to the 6-3 (2023) Supreme court decision in the case of *Moore v. Harper,* 600 U.S. 1 (decided June 27,2023) [hereinafter, "Moore"] and *New York State Rifle & Pistol Assn., Inc., et al. v. Bruen,* 597 U.S.1, [hereinafter, "Bruen"] No. 20-843 (U.S. Supreme Court, June 23, 2022).

20. Specifically, where in *Moore,* U.S. Supreme Court Justice Roberts provided a colloquy containing the history and importance of Judicial review, that Plaintiffs here are hard-pressed to understand how and why they now are prohibited from receiving such review when state laws are used to interfere with Plaintiffs political efforts. Here, judicial review is a necessity:

> *In the Federalist Papers, Alexander Hamilton maintained that "courts of justice" have the "duty . . . to declare all acts contrary to the manifest tenor of the Constitution void." The Federalist No. 78, p. 466 (C. Rossiter ed. 1961). "[T]his doctrine" of judicial review, he also wrote, was "equally applicable to most if not all the State governments." Id., No. 81, at 482.* See Moore at 14, par 2. [4]

21. Whereas, the plaintiffs recited these two recently controlling U.S. Supreme court authorities within their complaint, and various memorandums of law leading up plaintiffs closing argument during the January 5th, 2024 hearing regarding 'standing'. Plaintiffs believe the court disregarded the 'relevancy of the Plaintiffs 'harm in fact' within these authorities, where the court rendered no opinion or mention regarding the statutory authorities violated by the defendants. *See* 'Order on Motion To Dismiss', by the court dated January 9, 2024, pg.5 & 6, footnote 5—"Court's Order".

---

[4] On January 22, 2024, the U.S. Supreme Court ordered Texas to allow federal border agents access to the state's border with Mexico, where Texas officials have deployed miles of concertina wire. However, Texas and Governor Abbott are putting in more razor wire at the southern border just days after the high court gave the go-ahead to the federal government to remove the wire. https://www.wlbt.com/2024/01/26/texas-governor-ignores-supreme-court-ruling-adds-more-razor-wire-border/ The federal courts are frustrating the people from relief, and in the instant case, the court directing the plaintiffs to the ballot box only provides activists, not the plaintiffs, to explore Article 10 of the New Hampshire constitution, where "all other means of redress are ineffectual", and where a defective vote at the ballot box is at issue.

22. <u>Therefore</u>, the plaintiffs seek a reversal of the court's January 9, 2024 Order on Motion to Dismiss, in order to argue 'standing' using the *Bruen-Moore* standard of review for state Elections of Federal candidates.

**Conclusion**

The 'Plaintiffs Motion to Alter or Amend Judgement' is here respectfully submitted to provide the honorable court with a Plaintiffs view that outlines their decades of commitment to a conservative segment (group) of voters within an individual political party that consists of a number of additional subdivisions (ultra conservative, moderate, ultra-moderate, right-leaning liberal, etc), which is far separated from the general or ordinary New Hampshire voter. These designated political separations also apply to the New Hampshire Democrat Party.

In addition, there remains the question of the New Hampshire electorate knowing that their state government is knowingly violating state Election laws in a perceived effort to meet the needs of a lame-duck Governor, bent on unprincipled actions to destroy a segment of his own Party.

Finally, when considering the two points as described *above*, Plaintiffs reassert their 'Statement of Facts and Memorandum of Law in Support of Standing'—(Pacer Doc. 63).

**Prayer for Relief**

The plaintiffs contend that they have suffered an "injury in fact," meaning that the injury is of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent.

Therefore, Plaintiffs argue that these *above-described* issues alone provide the requirements for 'standing', where Plaintiffs have sustained and will continue to sustain direct interference in their vote as described *above*, and that this harm is redressable by this court. Plaintiffs have demonstrated a "concrete and particularized" interference against their efforts where defendants are circumventing state Election laws against Plaintiffs individual efforts as members of a political group, and that the harm described is directly traceable to the Defendants conduct of averting these very state Election laws, apparently or perceived as to benefit Defendants own individual political agenda. Plaintiffs argue it is not an issue of simply violating

these described Election laws, but the harm caused as a result of these constitutional violations under color of law.

Along with the foregoing reasons, Plaintiffs Motion for the court to 'Alter or Amend' the court's dismissal of this action should be approved, in the interest of justice, or for any reason this court may deem fair and just.

**SWORN TO UNDER PAINS AND PENALTIES OF PERJURY THIS 26ND DAY OF JANUARY, 2024.**

Respectfully submitted,

*/s/ Wayne Paul Saya, Sr.*  
Wayne Paul Saya, Sr. Plaintiff, *pro se*  
24 Cadogan Road  
Nashua, New Hampshire 03062  
Waynesaya2@gmail.com  
571-220-3344 mobile

*/s/ Lynn-Diane Briggs*  
Lynn-Diane Briggs, Plaintiff, *pro se*  
4 Golden Pond Land  
Amherst, New Hampshire 03031  
Lynbdance@gmail.com  
603-801-6886

## CERTIFICATE OF SERVICE

I, Wayne Paul Saya, Sr., Plaintiff, *pro se*, have caused to deliver the named, PLAINTIFFS MOTION TO 'ALTER OR AMEND JUDGEMENT' UNDER FED. R. CIV. P. 59(e) PURSUANT TO THE COURT'S DECISION AND ORDER TO DISMISS FOR LACK OF STANDING. and the foregoing documents have been served upon the following Defendants and Plaintiffs, electronically and/or certified mail with U.S. postage pre-paid:

David Scanlan, Defendant
Secretary of State of New Hampshire
C/O: Brendan Avery O'Donnell
NH Department of Justice (Concord)
One Granite Place South
Concord, NH 03301
603-271-3650
Fax: 603-271-2110
Email: brendan.a.odonnell@doj.nh.gov

Chris Ager, Defendant
Chairman
NH Republican State Committee
10 Water Street, Concord, NH 03301
By Counsel: Attorney Bryan Gould
Cleveland, Waters and Bass, P.A.
2 Capital Plaza, Concord, NH 03302-1137
(603) 224-7761
gouldb@cwbpa.com

Karen Testerman, Plaintiff, *pro se*
9 Stone Avenue
Franklin, New Hampshire 03235
Karen@KarenTesterman.com
571-220-3344 mobile

**SWORN TO UNDER PAINS AND PENALTIES OF PERJURY this 26th day of January, 2024.**

*[signature]*                                    *[signature]*

Wayne Paul Saya, Sr. Plaintiff, *pro se*
24 Cadogan Road
Nashua, New Hampshire 03062
Waynesaya2@gmail.com
571-220-3344 mobile

Lynn-Diane Briggs, Plaintiff, *pro se*
4 Golden Pond Lane
Amherst, New Hampshire 03031
Lynbdance@gmail.com
603-801-6886