UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
Karen Testerman, et al,              *
                                     *
              Plaintiffs,            *
       v.                            *    Civil No. 1:23-cv-00499-JL-AJ
                                     *
Secretary of State David M. Scanlan, et al,  *
                                     *
              Defendants.            *
                                     *
************************************
```

### SECRETARY OF STATE'S OBJECTION TO
### THE PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

The Defendant, New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), through his counsel, the New Hampshire Office of the Attorney General, objects to Plaintiff Briggs' and Plaintiff Saya's motion to alter or amend judgment, see ECF 70.

1. On January 9, 2024, the Court dismissed the Plaintiffs' complaint, ruling that the Plaintiffs lacked Article III standing to maintain their claims. See ECF 67.

2. Plaintiffs Briggs and Saya filed the present "motion to alter or amend judgment," arguing that the Court erred by not citing or addressing two cases in its decision: Moore v. Harper, 143 S. Ct. 2065 (2023) and New York State Rifle & Pistol Assn., Inc., v. Bruen, 597 U.S. 1 (2022). See ECF 70, at 2.

3. Contrary to the Plaintiffs' arguments, neither of these cases obviate or otherwise excuse the Plaintiffs' failure to demonstrate that they have sufficient standing to maintain their claims.

4. In New York State Rifle & Pistol Assn., the Supreme Court neither addressed nor even mentioned Article III standing requirements.

5.      In <u>Moore</u>, the Supreme Court primarily addressed the mootness doctrine because the challenged North Carolina Supreme Court decision had subsequently been overruled by that court, and the underlying standing issue involved whether the legislative defendants in that case were harmed by that challenged state court decision.  <u>See</u> <u>Moore</u>, 143 S. Ct. 2065, at 2077-78.[1]  Neither of these issues has any bearing on whether the Plaintiffs in this case have standing to assert their vote dilution claim based on alleged violations of New Hampshire law.

6.      Accordingly, the Plaintiffs' reliance on <u>Moore</u> and <u>New York State Rifle & Pistol Assn.</u> is misplaced, and the Secretary of State requests the Court deny Plaintiff Briggs' and Plaintiff Saya's motion to alter or amend judgment.

     A.  Dismiss the Plaintiffs' amended complaint.

Respectfully submitted,

Secretary of State David M. Scanlan

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: January 30, 2024

/s/ Brendan A. O'Donnell  
Brendan A. ODonnell, Bar #268037  
Assistant Attorney General  
Election Law Unit  
Office of the Attorney General  
1 Granite Place South  
Concord, NH 03301  
brendan.a.odonnell@doj.nh.gov  
603-271-1269

---

[1] Notably, the Supreme Court in <u>Moore</u> expressly found that it had alternative jurisdiction under 28 U.S.C. §1257, which grants the Supreme Court jurisdiction over "final judgments or decrees rendered by the highest court of a State in which a decision could be had."  Moore, 143 S. Ct. 2065, at 2077-78 (cleaned up).

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent by ECF on January 30, 2024, to all parties of record.  I hereby certify that a copy of the foregoing was sent by e-mail to all parties of record who are not registered ECF filers.

                                          /s/ Brendan A. O'Donnell
                                          Brendan A. O'Donnell