## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Karen Testerman,** *pro se*

**Lynn-Diane Briggs,** *pro se*

**Wayne Paul Saya, Sr.,** *pro se*

*Plaintiffs*

*Vs*

**DAVID SCANLAN**
**SECRETARY OF STATE FOR NEW HAMPSHIRE, et al,**

*Defendants*

*Docket No. 1:23-cv-00499-JL-AJ*

**PLAINTIFFS WAYNE PAUL SAYA, SR. AND LYNN-DIANE BRIGGS 'SUR-REPLY' AND MEMORANDUM UNDER FED.R.CIV.P. 7, and LR FRCP 6(d) and FRCrP 45(c), AGAINST DEFENDANT CHRIS AGER'S JOINDER OF SECRETARY OF STATE'S OBJECTION REGARDING PLAINTIFFS MOTION TO 'ALTER OR AMEND JUDGEMENT'.**
**(37 CFR § 42.23 - Oppositions, replies, and sur-replies.)**

Plaintiff, Wayne Paul Saya, Sr. "plaintiff Saya" *pro se* and Lynn-Diane Briggs, plaintiff Briggs" *pro se,* individually and combined as "Plaintiffs", hereby submit this Sur-reply to the Defendants Objection in the above-named Motion.

<u>Whereas</u>, the above-named Plaintiffs have gone beyond the 5-day filing period for Defendant Secretary of State "Defendant SOS", by 1-day, but are in compliance with the February 1st, 2024 filing of a February 6th, 2024 deadline for the 'Objection' filed by Defendant Chris Ager "Defendant Ager".

<u>Whereas,</u> by Joining Defendant Ager's 'Objection' to Defendant SOS/s" 'Objection', Plaintiffs request the court to Join "Plaintiffs" Sur-Reply to both of the Defendants Objections as one, where both Defendants have made similar Objections.

1

Whereas, in the alternative, the above-named Plaintiffs respectfully request that the court excuse the Plaintiffs, *pro se*, one-day late Sur-Reply to Defendant SOS 'Objection' to the Plaintiffs Motion to Alter or Amend Judgement under Fed.R.Civ.P. 59(e), here attached under separate Motion.

1. **First**, The Defendants contend that *the ". . . thrust of plaintiffs' suit is that thousands of Democrats illegally changed their party affiliations between June 6 and October 6, 2023 for the sole purpose of "interfering" in the 2023 Republican presidential primary. The plaintiffs allege that Democrats will vote in the Republican primary not because they prefer a Republican candidate, but because they desire either: a) to defeat the plaintiffs' preferred candidate in the primary; or b) boost former President Trump's candidacy because Democrats think he's a weaker candidate in the general election.* See Am. Compl. (Doc. No. 32) ¶ 13; Compl. (Doc. No. 1) Exh. C (Doc. 1-1 at 6)."
Emphasis supplied

   > **June 5, 2024 Evidentiary Hearing before the honorable Joseph N. Laplante:**
   > "*And when I see that a lot of -- when I started reading in the papers during the summertime with regard to being literally pushed on -- with commercials on TV and in the newspapers to change -- change your party affiliation to -- so that you can keep Donald Trump out, of course, I -- you know, I -- I'm a conservative. So I don't necessarily vote for one candidate. I haven't even made up my mind yet out of the three. But when I see that happening, it -- it alarmed me. It concerned me.*"
   > **Testimony of Plaintiff Saya, Pg. 77, lines 10-18** - Emphasis supplied

2. Accordingly, in no place within the Plaintiffs complaint is any candidate's name mentioned. The Defendants assessment is misleading and disingenuous. This is not a class action suit. Each of the Plaintiffs filed individually, but most importantly, although the Plaintiffs claims are similar in nature, each Plaintiff testified with individual reasons. None of the Plaintiffs mentioned former President Trump's candidacy as their sole or explicit reasoning, but rather was mentioned once as an example with the other two conservative-leaning candidates during testimony.

June 5, 2024 Hearing Transcript – Pg. 44, lines 18-24.

> *Q. Do you know how many conservatives are running in the primary election for the Republicans for president, Ms. Testerman?*
> *A. There are three people that claim to be running as -- I think it's three. You've got Governor DeSantis, you have Vivek Ramaswamy, and -- that would line up as ultra conservative more, and you have President Trump.*

3.   Rather, Defendants are being disingenuous in targeting the former President's name in an apparent attempt to show the Plaintiffs as radicals having "sole" support of a controversial candidate, when in-fact the testimony throughout the above-named hearing shows the Plaintiffs as supporters of all conservative-leaning candidates, and the Defendants prejudice to these candidates.

4.   **Secondly**, the Defendants misrepresent the Plaintiffs argument regarding *Moore v. Harper*, 143 S. Ct. 2065 (2023), "*Moore*", and *New York State Rifle & Pistol Assn., Inc., v. Bruen*, 597 U.S. 1 (2022), "*Bruen*", among other issues.

5.   Accordingly, Plaintiffs contend that the *Bruen* case asserted the *". . . Second Amendment standard accords with how we protect other constitutional rights."* <u>Bruen at 16</u>. This includes the Plaintiffs civil rights under the 14th Amendment pursuant to 42 USC 1983 under color of law.

6.   And in-line with *Bruen*, Plaintiffs are claiming a constitutional injury, where: "As noted in *Roman Cath. Diocese of Brooklyn v. Cuomo,* 141 S. Ct. 63, 67 (2020), the Court granted injunctive relief pending appeal in an interlocutory case. In doing so, the Court quoted *Elrod v. Burns*, 427 U.S. 347, 373 (1976), for the proposition that the loss of constitutional freedoms even for minimal periods of time "<u>unquestionably constitutes irreparable injury</u>." See *Elrod* at 373.

7.   It is for these reasons that the Plaintiffs tie-in the *Harper* case. When *Harper* and *Bruen* are tied together, the Plaintiffs believe they have 'Standing'. This is because the Plaintiffs freedom to participate in free and fair Elections was and continues to be violated, where the Defendants continue to violate state Elections laws RSA 659:14 and RSA 654:32.

8.   **Third**, the record reveals that each of the above-named Plaintiffs have a 'stake' in the outcome of the Presidential Primary Election well above and beyond any ordinary voter and as individually registered members of this organized non-profit political group, and

1. that this political group was required to be 'closed' to other political affiliations under RSA 659:14-II, and

2. that the defendants unlawfully contaminated this closed (Republican) group by opening the Republican affiliated group to other political orientations against RSA 659:14-II and keeping the Republican group opened 120-days beyond state Election law RSA 654:34-IV, and

3. by doing so the Plaintiffs vote was diluted. This voter dilution compelled the Plaintiffs to participate with 'undeclared' voters that have the ability to vote for any political party, directly effecting the Plaintiffs chosen political affiliation and 'Standing' against the Plaintiffs choice of being a part of a closed (by law) Republican Presidential primary. In other words, each of the Plaintiffs were forced to participate in a mixed group of political Party affiliations, in violation of State Election laws, and against the Plaintiffs right to participate in free and fair Elections.

**Conclusion**

The above-named Plaintiffs continue to believe that the New Hampshire Primary Election, now where both successful candidates (Joseph Biden and Donald J. Trump) was conducted unlawfully, and may have placed each of the candidates 'Electors' in jeopardy of being counted. This scenario was a concern of the Plaintiffs within their initial complaint and during the June 5th, 2024 Evidentiary hearing.

Finally, the harm against the Plaintiffs is continuing as shown *above*, Plaintiffs continue to have a stake in the Election results as shown in the record, and because the New Hampshire Election laws continue to be violated without being resolved in this case.

**SWORN TO UNDER PAINS AND PENALTIES OF PERJURY THIS 5TH DAY OF FEBRUARY, 2024.**

Respectfully submitted,

/ Lynn-Diane Briggs

Wayne Paul Saya, Sr. Plaintiff, *pro se*  
24 Cadogan Road  
Nashua, New Hampshire 03062  
Waynesaya2@gmail.com  
571-220-3344 mobile

Lynn-Diane Briggs, Plaintiff, *pro se*  
4 Golden Pond Lane  
Amherst, New Hampshire 03031  
Lynbdance@gmail.com  
603-801-6886

## CERTIFICATE OF SERVICE

I, Wayne Paul Saya, Sr., Plaintiff, *pro se*, have caused to deliver the named, , PLAINTIFFS WAYNE PAUL SAYA, SR. AND LYNN-DIANE BRIGGS 'SUR-REPLY' AND MEMORANDUM UNDER FED.R.CIV.P. 7, and LR FRCP 6(d) and FRCrP 45(c), AGAINST DEFENDANT CHRIS AGER'S JOINDER OF SECRETARY OF STATE'S OBJECTION REGARDING PLAINTIFFS MOTION TO 'ALTER OR AMEND JUDGEMENT'.
and the foregoing documents have been served upon the following Defendants and Plaintiffs, electronically and/or certified mail with U.S. postage pre-paid:

David Scanlan, Defendant
Secretary of State of New Hampshire
C/O: Brendan Avery O'Donnell
NH Department of Justice (Concord)
One Granite Place South
Concord, NH 03301
603-271-3650
Fax: 603-271-2110
Email: brendan.a.odonnell@doj.nh.gov

Chris Ager, Defendant
Chairman
NH Republican State Committee
10 Water Street, Concord, NH 03301
By Counsel: Attorney Bryan Gould
Cleveland, Waters and Bass, P.A.
2 Capital Plaza, Concord, NH 03302-1137
(603) 224-7761
gouldb@cwbpa.com

Karen Testerman, Plaintiff, *pro se*
9 Stone Avenue
Franklin, New Hampshire 03235
Karen@KarenTesterman.com

**SWORN TO UNDER PAINS AND PENALTIES OF PERJURY THIS 5TH DAY OF FEBRUARY, 2024.**

Respectfully submitted,

/ Lynn-Diane Briggs

Wayne Paul Saya, Sr. Plaintiff, *pro se*
24 Cadogan Road
Nashua, New Hampshire 03062
Waynesaya2@gmail.com
571-220-3344 mobile

Lynn-Diane Briggs, Plaintiff, *pro se*
4 Golden Pond Lane
Amherst, New Hampshire 03031
Lynbdance@gmail.com
603-801-6886