UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karen Testerman, et al.

    v.                                            Civ. No. 23-cv-499-JL-AJ

NH Secretary of State, et al.

**ORDER**

On January 9, 2024, the court granted the defendants' motions to dismiss, finding that the plaintiffs lacked standing to sue. See Order (Doc. No. 67). Judgment in the defendants' favor was entered the same day. (Doc. No. 68). Invoking Fed. R. Civ. P. 59(e), the plaintiffs move to alter or amend the judgment. (Doc. Nos. 70, 73). For the reasons explained below, plaintiffs' motion is denied.[1]

Amendment or alteration of a judgment is "'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). The movant must show "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, [or] an intervening change in controlling law." Marie v. Alled Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citation omitted). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer, 465 F.3d at 30.

---

[1] The factual background of the case and the bases for the court's judgment are explained in the prior order and will not be repeated here.

Plaintiffs first argue that the court did not consider two cases that plaintiffs believe support their standing argument, even though, at the end of oral argument on defendants' motions, the court said it would "take a second . . . harder look" at the cases. See Pltff. Mot. (Doc. No. 73) at 2, citing New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), and Moore v. Harper, 600 U.S. 1 (2023). This argument is premised on the fact that the court cited neither of the two cases in the dismissal order. The plaintiffs's argument is misplaced for at least two reasons. First, the court considered all authority cited by all parties. That the dismissal order did not mention a particular case does not mean the case was not reviewed.

Next, as the plaintiffs candidly point out in their motions, the court did not initially believe that eitther Bruen or Harper addressed standing law. Pltff. Mot. (Doc. No. 73) at 2. In its "second look," the court's "initial belief" was borne out, as neither case mentions or analyzes the respective plaintiffs' standing to sue. And while the Court in Harper considered the Federal Constitution's "case or controversy" requirement, as this court was required to do, see U.S. Const. art. III § 2, the Harper Court did so only in the context of determining whether the case before it was moot. The plaintiffs' standing was not at issue. Substantively, Harper involved a dispute over gerrymandering in North Carolina. As this court noted in its dismissal order, standing in gerrymandering cases is analyzed differently from cases, like this one, in which individual voters claim that other voters cast illegal votes. Order (Doc. No. 67) at 7. Harper's reasoning is therefore inapplicable to the question of plaintiffs' standing in this case.

Finally, plaintiffs Saya and Briggs dispute the court's characterization of their claim as involving a concern that Democrats would vote in the Republican primary to "boost former President Trump's candidacy because Democrats think he's a weaker candidate in the general election." Pltff. Surreply (Doc. No. 75) at 2; see Order (Doc. No. 67) at 6. Although the

plaintiffs, at oral argument, disavowed support for any particular Republican primary cadidate, the court's source for this description was an attachment to the plaintiffs' original complaint. See Compl. (Doc. No. 1), Exh. C. (Doc. No. 1-1) at 6 ("One train of thought says they will vote for Trump because they think he is easier to beat in the general."). Regardless, the court's description of the claim is not dispositive.

For the foregoing reasons, the plaintiffs' motions to alter or amend judgment (Doc. Nos. 70 and 73) are denied.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 1, 2024

cc:   Karen Testerman, pro se
      Lynn-Diane Briggs, pro se
      Wayne Paul Saya, Sr., pro se
      Brendan Avery O'Donnell, Esq.
      Bryan K. Gould, Esq.
      Jacob Rhodes, Esq.

3