# United States Court of Appeals
### For the First Circuit

_____

No. 24-1316

LYNN-DIANE BRIGGS; WAYNE P. SAYA, SR.,

Plaintiffs - Appellants,

KAREN TESTERMAN,

Plaintiff,

v.

DAVID SCANLAN, Secretary of State, NH,

Defendant - Appellee,

CHRIS AGER, Chairman, NH Republican State Committee,

Defendant.
_____

Before

Barron, Chief Judge,
Gelpí and Rikelman, Circuit Judges.
_____

**JUDGMENT**

Entered: October 15, 2024

    Appellants Lynn-Diane Briggs and Wayne P. Saya, Sr., seek review of the district court's dismissal of the underlying action for lack of Article III standing. See generally Fed. R. Civ. P. 12(b)(1) (dismissal for "lack of subject-matter jurisdiction"). Our review is de novo. See Lyman v. Baker, 954 F.3d 351, 359 (1st Cir. 2020). The district court concluded, among other things, that appellants had failed to allege a sufficiently "particularized" injury and thus had failed to demonstrate the existence of Article III standing. Id. at 360 (internal quotation marks omitted). With the arguments developed in briefing, appellants have failed to demonstrate legal error. See id. at 360-61 (describing relevant standing principles).

Before this court, appellants point to recent Supreme Court decisions like Alexander v. S.C. State Conf. of the NAACP, 144 S. Ct. 1221 (2024), and New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). However, as appellants themselves concede, those decisions are not focused on the matter of Article III standing, and appellants have failed to elucidate how the actual holdings reflected in those decisions might compel the conclusion that Article III standing was demonstrated in this case.

Appellants also argue that their invocation of statutes like 42 U.S.C. § 1983 and 18 U.S.C. § 242 should have led the district court to discern standing, but, setting other issues to the side, these statutes cannot trump constitutional standing concerns, and appellants point to no precedent legitimately suggesting otherwise. See Marbury v. Madison, 5 U.S. 137, 180 (1803) ("Thus, the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that a law repugnant to the constitution is void; and that courts, as well as other departments, are bound by that instrument."); see also United States v. Chambers, 291 U.S. 217, 223-24 (1934) (explaining that Twenty-First Amendment trumped the National Prohibition Act).

Appellants revisit their district court argument that they have Article III standing because appellee's actions improperly diluted their votes. Among the reasons the district court cited for rejecting that theory of standing was the theory's reliance on speculation as to whether and how relevant voters might vote. With their briefs filed in this court, appellants offer no satisfying retort to this aspect of the district court's reasoning. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 344 (2006) ("Plaintiffs' alleged injury is also 'conjectural or hypothetical' in that it depends on how legislators respond to a reduction in revenue, if that is the consequence of the credit.").

We have considered each of the arguments developed by appellants in briefing, and the discussion of specific points above should not be read to suggest otherwise. We also have considered appellee's contention that the matter is moot. Because we concur with the district court that appellants failed to demonstrate the existence of standing from the start, we need not wade into the matter of mootness. See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (noting that although "jurisdictional questions ordinarily must precede merits determinations in dispositional order, . . . there is no mandatory sequencing of jurisdictional issues") (internal quotation marks omitted).

The district court's standing-based dismissal of the underlying action is **AFFIRMED**.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Wayne P. Saya Sr., Lynn-Diane Briggs, Karen Testerman, Anthony J. Galdieri, Brendan A. O'Donnell, Bryan K. Gould, Mark V. Franco, Demetrio F. Aspiras III